HEIRS OF P. H. NOBLE v. H. N. JONES, ADMINIS-
TRATOR.

1. An administrator having, in the management of the estate, exercised all the diligence he could have exercised had the business been his own, is not liable for want of that degree of diligence required by the probate law of 1870.

2. Section 173 of the probate law of 1870 provides, "that the court shall exercise equitable control in making executors or administrators accountable for interest accruing to the estate;" and it appearing to this court that this power was equitably exercised in the present cause by the court below, it declines disturbing the judgment.

APPEAL from Grimes. Tried below before the Hon. J. R. Burnett.

The facts are sufficiently stated in the opinion of the court.

*J. C. Hutcheson,* for appellants.

*Boone & Goodrich,* for appellee.

OGDEN, J.—This is an appeal from the district court, sitting in probate matters, wherein the appellee, as administrator on the estate of P. H. Noble, deceased, filed his final exhibit and account of the estate, and asked that the same be approved by the court, and that he be discharged from any further responsibility in the

premises.   The heirs of P. H. Noble protested against
the approval of the exhibit of the administrator, claim-
ing that the same was not a correct statement of the
moneys collected by the administrator; and charging
that through his negligence in collecting claims due the
estate, and the want of care in attending to the interest
of the same, the estate had been greatly damaged.
They further claim that the administrator had, for a
long time, used the money belonging to said estate as
his own money, and that therefore he should be com-
pelled to pay interest on the same for the full time the
money was so held and used.   The whole matter was
submitted to the court, and a judgment and decree
were entered up approving the final statement of the
administrator, and discharging him from any further
administration; to which judgment and decree the heirs
excepted, and gave notice of an appeal, and now ask a
reversal of that judgment by this court.

There is no assignment of errors, and we are left to
discover the same by an inspection of the record.   The
final statement and account of the administrator appear
to be full and correct, so far as the statement of facts
shows; and we have been unable to discover any cause
for disturbing the judgment of the district court.   In
their brief, appellants complain that the administrator
was chargeable with neglect in not collecting a balance
due on an undated note; but we think he fully ex-
plained the reason why the same was not collected, and
that he had used all the diligence he could have done
had the note been his individual property; and that
was all Section 154 of the present probate law required
of him, and we are most clearly of the opinion, that the
judgment of the district court was correct in not hold-
ing him individually responsible for the amount of that
note, not collected, and which he had been advised

could not be collected, without proof which he had been unable to find.

Section 173 of the probate law of 1870 provides, "that the court shall exercise equitable control in making the executor or administrator accountable for interest accruing to the estate." It appears from the record that the court did exercise that power, and charged the administrator with one hundred dollars, as interest for moneys he had held in his hands; and believing that power was equitably exercised, we are disinclined to disturb the judgment on that ground; and there being no other objections made to the judgment, the same is affirmed.

AFFIRMED.