## P. SHERRY ET AL. v. PLASTERERS' UNION.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued January 7, 1891—Decided January 19, 1891.

(*a*) The constitution of an incorporated beneficial society provided that a member should be entitled to $100 for funeral expenses, "provided, that he has been a member six months, and not more than three months' dues in arrears at the time of his death," the money to be paid to his nearest relative.

(*b*) A by-law provided: "Any member becoming three months in arrears shall not be entitled to benefits, until eight weeks have expired from the time they settle up in full." A member, in arrears for dues for May, June and July, died on August 1st, the dues for August being payable on August 2d:

1. On August 1st, the date of the member's death, there were not more than three months' dues in arrears; and, conceding that the by-law quoted was in conflict with the provision of the constitution, the former must yield to the latter, the constitution being the fundamental law of the corporation.

2. The statement of claim, averring that the plaintiffs were the father and mother and nearest relatives of the deceased member, presented a prima facie case; and, in the absence of an averment in the affidavit of defence that the member left a widow, child, or children, it was sufficient for judgment.

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 332 January Term 1890, Sup. Ct.; court below, No. 379 September Term 1889, C. P. No. 1.

On October 9, 1889, Patrick Sherry and Mary A. Sherry brought assumpsit against the Operative Plasterers' Mutual Union of Philadelphia, filing a statement of claim, verified by affidavit, averring as follows:

"The plaintiffs are the father and mother of John Sherry, deceased, and his nearest relatives, and as such claim from the defendant, an incorporated society, the sum of one hundred dollars, with interest from the second day of August, 1887, the said sum being payable by the defendant on the death of the said John Sherry, under § 1, article X. of the constitution of said union, which is as follows:

"'Every member of this union shall be entitled to $100 for funeral expenses; provided, that he has been a member six months, and not more than three months' dues in arrears at the time of his death, the money to be paid to the deceased's nearest relative. When there are no relatives, the president, financial secretary, and treasurer shall take charge of the funeral.'

"The plaintiffs further aver that the said John Sherry, at the time of his death, had been a member of said union over six years, and had paid his dues up to and including the month of April, 1887; that he died on Monday, August 1, 1887; that Tuesday, August 2, 1887, was the first stated meeting of said union in August at which dues could have been paid, the regular stated meetings being held on Tuesday of each week; that, as appears from the above, the said John Sherry was 'not more than three months' dues in arrears at the time of his death,'" etc., etc.

The defendant filed an affidavit of defence averring:

"That at the time of the death of the said John Sherry, on August 1, 1887, he was non-beneficial, having failed to pay his dues for the months of May, June and July, 1887; that the dues for each month are payable upon the regular stated-meeting nights of that month, said meetings being held, as provided by § 1, article XV. of the by-laws of defendant corporation, 'on

Opinion of the Court.

Tuesday evening of each week at 8 o'clock;' and, having thus failed to pay the dues for the said months of May, June and July, 1887, and having died after the expiration of the said month of July, 1887, he was more than three months' dues in arrears, and therefore non-beneficial, as is provided by § 1, article X. of the constitution of the defendant corporation. . . . .

" And deponent also avers and says that, the said decedent having failed to pay his dues upon the last stated-meeting night of the month of July, 1887, for the said months of May, June and July, 1887, after the expiration of the said month of July, 1887, he could not become beneficial until eight weeks would expire from the time he would settle up in full, as provided by § 2, article XIV. of the by-laws of defendant corporation, viz.: 'Any member becoming three months in arrears shall not be entitled to benefits, until eight weeks have expired from the time they settle up in full.'" . . . .

On February 8, 1890, a rule for judgment for want of a sufficient affidavit of defence, having been argued, was made absolute, without opinion filed, and judgment was entered for the plaintiffs for $115.50. Thereupon the defendant took this appeal, assigning the order making absolute the rule for judgment, for error.

*Mr. Henry A. McMurrow* (with him *Mr. Maxwell Stevenson*), for the appellant.

Counsel cited: Menough's App., 5 W. & S. 432; Marys v. Anderson, 24 Pa. 272; Lysle v. Williams, 15 S. & R. 135: Gustine v. Elliott, (C. P.) 11 W. N. 433; 2 Bl. Com., 141 n. 3; Parker's Est., (O. C.) 14 W. N. 566; Gould v. Gage, 118 Pa. 559; Friederich v. Anderson, (C. P.) 22 W. N. 524.

*Mr. T. M. Daily* (with him *Mr. James L. Stanton*), for the appellee.

PER CURIAM:

We think the affidavit of defence was insufficient. Section 1, article X. of the constitution of the defendant corporation provides that a member of six months' standing shall be entitled to funeral benefits, if he is "not more than three months' dues in arrears at the time of his death, the money to be paid to his

Syllabus.

nearest relative." John Sherry died on August 1, 1887. At that time, arrears were due for May, June, and July. The dues for August were not in arrear until August 2d, and at that time he was dead; so that, on August 1st, there were "not more than three months' dues" in arrears.

It was urged, however, that § 2, of article XIV., of the by-laws is in conflict with this view, in as much as it provides that "any member becoming three months in arrears shall not be entitled to benefits, until eight weeks have expired from the time they settle up in full." If we concede there is a conflict between the constitution and by-laws, it does not help the matter; for, in such case, the by-laws must yield to the constitution, which is the fundamental law of the corporation.

The further point was made that the plaintiffs' statement of claim does not show upon its face that they are entitled to recover, in this, that it does not aver that the decedent was unmarried, at the time of his death, and that he did not leave a widow and a child or children surviving him. What they do aver is that "the plaintiffs are the father and mother of John Sherry, deceased, and his nearest relatives." This we think sufficient. It makes out a prima facie case, and the affidavit of defence does not allege that there is a wife or child living.

Judgment affirmed.