## COMMITMENTS FOR SAFE KEEPING.

[Circuit Court of Summit County.]

JOHN E. WASHER ET AL V. HARRY ILER.*

Decided, October, 1905.

*Criminal Law—Adjournment of Examination by Mayor or Magistrate—Commitment in Meantime for Safe Keeping—Mayor must Keep Within His Jurisdiction at His Peril—Section 7143.*

1. Upon the adjournment of the examination of one accused of crime, as provided in Section 7143, Revised Statutes of Ohio, it is unlawful for the magistrate to commit the accused for safe-keeping for more than four days, or to the city prison, instead of the county jail, unless the former be designated as the place of confinement by the magistrate in a written order.

2. The mayor of a city is equally liable with the chief of police and the keeper of the city prison for false imprisonment, where the mayor, contrary to the provisions of Section 7143, Revised Statutes of Ohio, orders the accused to be confined in the city prison for more than four days, without designating said prison as the place of confinement in a written order, and the chief of police orders the keeper of the city prison to carry out said order and the latter confines the accused pursuant to said unlawful order.

WINCH, J.; MARVIN, J., AND HENRY, J., concur.

Error to the Court of Common Pleas of Summit County.

Plaintiffs in error are the mayor of Akron, its chief of police and the keeper of the city prison, against whom defendant in error recovered a judgment for false imprisonment, from which judgment error is prosecuted to this court, the only error relied upon being that the petition does not state a cause of action.

It appears that Iler was arrested for cutting with intent to wound and taken before the mayor for examination. The mayor continued the hearing for seven days, and verbally ordered Iler confined in the city prison for that time, but made out no mittimus or other order for his detention therein. The chief of police ordered the prison keeper to carry out the order of the mayor and Iler was confined for five days until he was released on a writ of habeas corpus.

* Affirmed by the Supreme Court, without report, January 29, 1907.

Iler claims that his confinement was unlawful and in violation of Section 7143, Revised Statutes, in two respects: First, because he was committed and confined for more than four days; and, second, because he was detained in a place other than the jail of the county, to-wit, the city prison, without the written order of the mayor designating that place of confinement.

It must be conceded that for these reasons the confinement of Iler was unlawful; and it must be further conceded that all three of the plaintiffs in error were concerned in the false imprisonment and all equally liable to respond in damages therefor, under the decision in the case of *Leger* v. *Warren*, 62 O. S., 500, unless the mayor alone may shield himself from liability by a claim which he makes that he erred only in the exercise of judicial functions, for which he is not answerable. This claim made on behalf of the mayor is not an open question in Ohio. The mayor's court is one of inferior jurisdiction, and the mayor must keep within his jurisdiction at his peril. *Truesdell* v. *Combs*, 33 O. S., 186; *Truman* v. *Wallon*, 59 O. S., 517, 529-530.

Judgment affirmed.

*Rogers, Rowley & Rockwell,* for plaintiffs in error.

*Holloway & Chamberlain,* for defendant in error.