AMY H. PINE v. SUPREME CIRCLE, BROTHERHOOD OF THE UNION.

Argued November 9, 1908—Decided February 23, 1909.

A count of plaintiff's declaration sets out that one Pine was a beneficial member of the defendant society, and as such was a member of the death benefit fund of the society; that the plaintiff is the sole beneficiary of Pine; that Pine is dead, and that the plaintiff as sole beneficiary is entitled to the death benefit fund. *Held*, that the count is bad on demurrer in failing to state what class of persons is legally entitled to the death benefits of deceased members, and that the plaintiff comes within that class, and is the sole member of the class, and, therefore, the sole beneficiary.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Higbee & Coulomb.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

TRENCHARD, J.    This is a demurrer to a declaration.

As amended by consent at the argument it applies only to the first count.

That count, which was also by consent amended at the argument, sets out that one John F. D. Pine, in the year 1895, was a beneficial member of the defendant society, and as such was a member of the death benefit fund of the society; that Pine, being such a member, disappeared at Cardiff in the kingdom of England, on the 25th day of September, 1895, and has never been heard of since that time by the plaintiff or anyone else; that Pine has remained beyond the sea and has absented himself from this state and from the place of his last residence for more than seven years successively; that the plaintiff, for and in behalf of Pine, since the year 1895 has kept and performed all the terms, conditions and acts which he would have kept, maintained and performed; that she is the sole beneficiary of Pine; that Pine, by reason of his absence from the state for more than seven years, and not being heard of during that time, is presumed to be, and is, dead, and that being dead, the plaintiff as sole beneficiary is entitled to a death benefit fund amounting to $500.

The only ground of demurrer necessary to consider is the third, which is that the count "does not show any duty or obligation by the defendant to the plaintiff."

We think the count fails to disclose a cause of action.

The statement that the plaintiff is the sole beneficiary of the deceased member is a mere conclusion.

A statute of this state (*Pamph. L.* 1898, *p.* 425, § 9) provides that it shall be lawful for such benevolent associations to contract with their members to pay death benefits according to the rules or by-laws adopted by such associations, and

to agree to pay the same to the husband, wife, father, mother, son, daughter, brother, sister or legal representative of such member after his or her death. The declaration, therefore, should state what class of persons is legally entitled to the death benefits of a deceased member, either by virtue of the laws of this state or the rules and by-laws of the organization or by both, and should also show that the plaintiff comes within that class, and is the sole member of that class and, therefore, the sole beneficiary. This the count of the declaration does not do and for that reason is bad on demurrer.

The defendant is entitled to judgment on the demurrer.