MATHELDE LEUMANN ET AL., APPELLANTS, V. GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN, APPELLEE.

FILED JANUARY 20, 1910.   No. 15,897.

1. **Insurance:** BENEFIT CERTIFICATE: ACTION: PETITION. In order to maintain an action to recover the indemnity provided for by a benefit certificate issued by a fraternal beneficiary association, the petition must allege that the plaintiffs are within the class of persons who could be named by the member and accepted by the association as beneficiaries under the statutes governing the association and its by-laws at the time the certificate was issued.

2. ———: ———: ———: CHANGE OF BENEFICIARIES. If recovery is sought by persons other than the beneficiary named in the certificate, they must allege facts sufficient to show a change of beneficiaries proposed by the member and assented to by the association.

3. ———: ———: ———: ———. An allegation of notice by the member to an officer of a local subordinate lodge of his desire to change his beneficiary to certain of his wife's relatives, not named in such notice, and to which no reply was made, is not sufficient to authorize such proposed, but unnamed, persons to maintain the action, unless it be alleged that such officer had power to effect the desired change or bind the defendant association in relation thereto.

4. ———: ———: ———: PETITION. Petition examined, and *held* that the facts therein stated were not sufficient to show that the deceased member actually named the plaintiffs as his beneficiaries.

5. ———: ———: ———: ———. Where recovery is sought by those not within the class of persons who could be named as beneficiaries, and their right to recover is claimed by reason of the provisions of a certificate other than the one on which the action is predicated, it is incumbent upon the plaintiffs to plead facts which would authorize their designation as beneficiaries under the terms of the former certificate and the laws by which the association was governed at the time it was issued.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*G. W. Berge,* for appellants.

*R. R. Horth,* contra.

BARNES, J.

Action on a fraternal benefit certificate issued by the Grand Lodge of the Ancient Order of United Workmen of Nebraska for the sum of $2,000 to one Harry C. Vanderberg, deceased. The cause was submitted to the district court on a demurrer to the petition. Defendant had judgment, and the plaintiffs have appealed.

The question presented by the record is: Did the district court err in sustaining defendant's demurrer and dismissing plaintiffs' action? The petition is too long to be copied in full in this opinion, and it is sufficient to say that it alleges, in substance, the organization and corporate existence of the defendant association under the laws of this state. It sets forth the fact that Harry C. Vanderberg joined the defendant order and became a member of Concordia Lodge No. 151 of Lincoln, Nebraska, which was and is one of the subordinate lodges of the defendant; that thereupon, and on the 15th day of March, 1894, the defendant issued to him its indemnity certificate for the sum of $2,000, in which his wife, Mathelde Vandeberg, was named as beneficiary; that on the 9th day of February, 1902, said beneficiary died, and on the 4th day of March of that year Vanderberg surrendered his certificate of indemnity, and at his request defendant issued to him a new certificate, in which his daughter Josephine was named as beneficiary. The terms of his original certificate, however, are nowhere set forth in the petition. The petition further alleges that on the 24th day of April, 1903, Josephine M. Vanderberg, the beneficiary named in the new certificate, died, and thereafter Harry C. Vanderberg had no legal heirs or relatives living which were related to him by blood, or could be named under the then existing statutes of this state as his beneficiary; that after the death of his daughter, and on the 2d day of May, 1903, Vanderberg wrote a letter to one G. R. Wolf, who it is alleged was at that time the financier of local lodge No. 151 at Lincoln, Nebraska, informing him of the death

of his daughter, and saying, among other things: "I am insured in her favor as I was previously in her mother's. Now I don't want to have my certificate changed, but have made a will in favor of my wife's relatives, but I don't want to name them, as if one dies the others get it according to my will. Please let me know if this is all right. * * * I also send one dollar for this month. My regards to all the members." To this letter, plaintiffs allege, Wolf made the following reply: "June 18, 1904. Yours received. One dollar credited on June assessment. There is a per capita assessment 75c this month. I have advanced it for you and you can send it with your July remittance. G. R. Wolf." It is further alleged that on July 18, and shortly after Vanderberg's death, Julius Adrian, one of the plaintiffs herein, paid to Wolf the July assessment of $1, and 75 cents advanced by him, as above stated. It is also alleged that Wolf was the proper official of the lodge to receive and receipt for such payments, but it is nowhere stated that Wolf had any power or authority to answer Vanderberg's inquiry, or change or authorize a change of the beneficiary named in the benefit certificate in suit. Neither is it alleged that he had authority to in any manner bind the defendant in that respect. The petition then sets out Vanderberg's so-called will, which contains the following: "Chicago, July 4, 1903. I, (H. C. Vanderberg) here my will and want my things disposed of as follows: One hundred dollars is to be given to each of the following persons, viz.: Mr. Emil Leumann, Mr. Jacob Gessner and Mr. Julius Adrian. The balance is to be equally divided between my dear mother-in-law, Mrs. Mathelde Leumann, and Mrs. Louise Gessner (my sister-in-law)." Notice of Vanderberg's death and the demand for the payment of the amount stated to be due on the certificate are set forth, together with a prayer for joint judgment in favor of the plaintiffs. To this petition the defendant demurred.

It is now contended by plaintiffs that, when Vanderberg joined the order and procured his original certificate, it

contained no limitation upon his right to name or change the beneficiary mentioned therein, and the petition contains such an allegation, but this is a mere conclusion of the pleader which seems to be derived from his construction of the statute governing mutual benefit associations which was in force at that time. An examination of that statute, however, discloses the following provision: "That any secret society or association, the management and control of which is confined to the membership of any secret society or order, heretofore organized or which may hereafter be organized, which, in addition to the benevolent and fraternal features thereof, shall also issue certificates of indemnity · calling for the payment of a certain sum, known and defined, in case of the death, disability, or sickness of any of its members, to the wife, widow, orphan or orphans, or other persons dependent upon such members, shall be exempt from the provisions of chapter 25 of the Revised Statutes of 1866 of the territory (now state) of Nebraska, the same being chapter 16 of the Compiled Statutes of 1885." Laws 1887, ch. 18, sec. 1. It will thus be seen that the class of persons who could be named as beneficiaries was limited by the law then in force to practically the same persons named in the act of 1897 which now governs such associations; and it is not to be presumed that the association would violate the provisions of the law under which it existed and by virtue of which it was authorized to conduct its business. As above stated, the plaintiffs have failed to set forth any of the provisions contained in the original certificate, and have made the new certificate a part of their petition, and predicate their right to recover in this action thereon. By this new certificate, and by the law governing such associations when it was issued, and which is their charter and authority for conducting business, it is provided: "No fraternal society created or organized under the provisions of this act shall issue a beneficiary certificate of membership to any person under the age of eighteen years, nor over the age of fifty-five

years. Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member." Ann. St. 1909, sec. 6638. It will thus be seen that the plaintiffs have shown by the allegations of their petition that they are not within the class of persons who could be named by the deceased or accepted by the association as beneficiaries.

It is contended by the defendant that even if the plaintiffs could, under any circumstances, have been so named, the allegations of the petition are insufficient to show that they have been so designated. It is shown by the petition that Vanderberg knew what was necessary to be done in order to effect a change of the beneficiary named in his certificate. He had already procured one such change. He declined, however, to surrender the certificate and have another issued with the names of those on whom he sought to bestow his bounty inserted therein, and we are constrained to hold that mere notice to the financier of a subordinate lodge is insufficient to constitute a change of beneficiary, and the defendant grand lodge is not bound thereby. Especially is this so when there is no averment in the petition that the officer of the subordinate lodge so notified had the power or authority to bind the defendant.

Again, it can scarcely be said that the allegations of the petition are sufficient to show that the deceased actually named the plaintiffs as his beneficiaries. It will be observed that in his letter to Wolf he refused to name them, and merely indicated that he wanted the indemnity to go to his wife's relatives. An examination of his so-called will shows that the deceased had property other than the certificate in suit, and no reference is made therein to the certificate. The will contains no statement that the property which he sought to distribute among his wife's relatives was the money indemnity mentioned therein.

The petition being found defective in the foregoing

respects, the district court could render no other judgment than the one complained of.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

LETTON, J. Not agreeing to all points stated in the opinion, but being of the opinion that the petition does not state a cause of action, I concur in the conclusion.