Jones, J.
The Policemen’s Benevolent Association was organized September 10, 1888. At that time the law authorizing its organization (Section 3630, Revised Statutes; 83 O. L., 161) provided that such associations might be organized to transact business on the assessment plan, and authorized payment of funds obtained by assessment “to the families or heirs” of the deceased members of such association. This association obtained articles of incorporation wherein the purpose clause declared that the particular business object for which it was *24 formed was to provide ways and means “for the payment of money to the families” of the members of the police force. The association adopted for its government a constitution, which consisted in part of the following:
“Section 1, Article II. The object of this association shall be to provide assistance for the families or legal heirs of a deceased member”
“Section 2, Article IV. The sum so paid shall be held as a death benefit fund, to be paid to the family or whoever the next deceased member may have elected.”
Edward Wegener claims the fund by virtue of the statute and the quoted portions of the constitution of the association which were in force at the time the application and designation were made. On the other hand, the widow claims the fund under the purpose clause of its articles of incorporation which restricts the payment of money “to the families” of the members.
The legal question for consideration is: Did this benevolent association have the power, either by constitution or by-law, to enlarge the class of persons designated in its articles of incorporation to whom the benefits should be paid ? It may be conceded that if the designation of the brother was valid when made the subsequent marriage of the member did not ipso facto revoke it.
It is insistently urged by counsel for the defendant in error that this case could be affirmed upon the theory that Edward Wegener was, in contemplation of law, a member of the family of the decedent,. The designated beneficiary did not *25 live with his brother either at the time the application was made or since. It is apparent that if the member had a wife and children living with him there would be but little force in that argument. Moreover, if the statute had contemplated such a situation it would not have used the term “families or heirs.” The designated beneficiary was neither in law nor in fact one of the family of the deceased. This view is upheld in the case of The Supreme Council Catholic Benevolent Legion v. McGinness, 59 Ohio St., 531, 537.
The main features of the case depend upon the consideration of two questions, (a) Could the association, by its articles of incorporation, restrict the class to which its benevolence could be paid; (b) If so, had the association the power by its constitution to enlarge the class beyond the scope adopted by its articles of incorporation?
While the articles of incorporation may not enlarge the class of beneficiaries authorized by the statute, the benefit association could restrict the classes in its articles of incorporation so as to confiné its benevolence to a more limited number than authorized by the statute. (The National Union et al. v. Keefe et al., 263 Ill., 453.) And since the facts in this Illinois case are so similar to the case in hand, and involve a benevolent association organized under the same Ohio statute (Section 3630, Revised Statutes), I quote briefly from the opinion of Mr. Justice Dunn in that case, who says at page 458: “Its [the association’s] powers are derived from the statute, and may be limited, but not increased, by its articles of association. In ascer *26 taining the scope of the powers of a corporation organized under a general law the court looks at the certificate of the promoters and the articles of incorporation, and its powers are such, only, as are therein specifically enumerated * * * a benevolent association may restrict the objects of its benevolence to classes more limited than those which the statute authorizes it to include, and in such case persons not within the restricted classes specified cannot receive the benefits of the association. (Norwegian Old People’s Home Society v. Wilson, 176 Ill. 94.) In determining the classes who can take as beneficiaries the court will look only to the certificate of organization and not to the statute under which the society is organized, when the statute includes classes of beneficiaries more extensive than those included in the certificate. (Murphy v. Nowak, 223 Ill. 301.)” To the same effect is Presbyterian Mutual Assurance Fund v. Allen, 106 Ind., 593.
The laws of the association, either constitution or by-law, cannot rise higher than the source of their authority. That source is found in its charter. When these associations are formed under a general law, that law, together with its certificate of incorporation, forms its charter and embodies its powers and purposes, if they are specifically designated in its corporate articles. “The charter of a company formed under the general law consists not only of its articles of association, but also of the general statutes of the state under which the organization takes place.” (1 Cook on Corporations [7 ed.], Section 2.) Or, as stated by Bacon *27 in his volume on benefit societies: “The charter, therefore, or the articles of association, is the fountain of authority for the corporation. It contains the agreement and contract on the part of the corporators and the State which specifies the terms of association, and the limits and bounds in which the associated body can act.” 1 Bacon on Life & Accident Insurance (4 ed.), Section 38, and 1 Morawetz on Corporations, Section 318.
“The charter of a corporation serves a twofold purpose. It contains the terms upon which the corporators have agreed to associate, and therefore gives the measure of authority which a majority can exercise; and it also fixes the limits within which the body of corporators can lawfully act in a corporate capacity.” 2 Morawetz on Corporations, Section 642.
And as peculiarly apt to the case at bar we quote from Niblack on Benefit Societies (2 ed.), Section 20: “By-laws of a society inconsistent with the provisions or main objects of its charter are ultra vires and void. Where, by the charter, certain classes of persons are to be benefited, a corporation has no authority to provide by a by-law for other beneficiaries, or to exclude any class provided for by the charter.”
This benevolent association, therefore, having power to limit its class of beneficiaries to the families of its members, and having exercised that power in its charter, its effort to enlarge that class by the adoption of a constitution was unauthorized and void. This could not have been done without amending its charter. It follows that the designa *28 tion of the brother as a beneficiary was invalid. This view finds support in the case of Supreme Council v. McGinness, supra, wherein the purpose clause of the articles of incorporation is quoted, and importance attached to it, both in the syllabus and opinion, in which Judge Spear said at page 538: “The classes of persons to be benefited being designated in the charter, it is clear that the member would be without power to select as á beneficiary one not so designated, and the corporation •equally without power to accumulate a fund ,for persons other than those of the classes so named.”
The judgment of the court of appeals, in ignoring entirely the charter provisions of the association and awarding the fund to the brother, was erroneous.
For the reasons stated the judgment of the court of appeals is reversed and that of the common pleas court, awarding the fund to the widow, is affirmed.

Judgment reversed.

Nichols, C. J., Matthias, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.