## DALLAS TAILORS' SUPPLY CO. et al. v. GOEN.

### No. 2383.

Court of Civil Appeals of Texas. El Paso.

Feb. 20, 1930.

Rehearing Denied March 13, 1930.

Leo Heisel, of El Paso, for appellants.
McBroom & Scott, of El Paso, for appellee.

WALTHALL, J.

This case presents an appeal from a final judgment of the district court on an appeal and a trial de novo in that court from an order of the county court discharging the administrator of an estate from his trust and declaring the estate closed.

There is no statement of fact filed in this court. The trial in this court is based upon findings of fact and the conclusions of law as made by the trial court.

The case was tried in the district court without a jury, and at the conclusion of the evidence the court, at the suggestion of appellants, made and filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"That John Brunner died in the County of El Paso, State of Texas, on the 20th day of December, 1924, intestate.

"That on the 24th day of December, 1924, an order was entered in the County Court of El Paso County, Texas, appointing U. S. Goen as temporary administrator of the estate of John Brunner deceased, that said order, among other things, authorized and directed the said administrator: 'to take charge of all of the property of the said John Brunner, deceased, and especially of the tailoring establishment known as the Brunner Tailoring Company, to finish jobs on hand and to employ persons for this purpose, to pay all help necessary to the operation of said shop to prevent deterioration and waste, and to receive any moneys that may be due from customers, and to deliver any and all other acts necessary in the operation of said shop.'

"That the said administrator immediately took charge of the assets of said estate, including said tailoring business and continued to operate said business up to the 15th day of April, 1926; that the said administrator placed Herbert Brunner, the son of the deceased John Brunner, in charge of said business, and paid him a salary of $40.00 per week, or the total amount of $2,680, in the course of the operations of said business.

"That on the 30th day of January, 1925, the said U. S. Goen, as temporary administrator filed his report and account under oath as required by law, and requested that said administration be made permanent and that his bond be fixed at $40,000, that on said date an order was entered making the said administration permanent and immediately thereafter the said U. S. Goen qualified as such permanent administrator and ever since said date has been and now is the duly qualified and acting administrator of said estate.

"That no inventory and appraisement of the personal property or real estate belonging to said estate was filed by the administrator or by the temporary administrator, but the report of said temporary administrator, shows that at the time of his appointment there came into his hands the following described property:

"Lots 15, 16 and 17 and 24, 25 and 26 of Martinez Homestead Addition to City of El Paso, Texas, with the nine-room reinforced concrete building thereon situated.

"One general tailorshop located at 100 Texas Street (upstairs), El Paso, Texas, with stock of woolens, linings, suit patterns, old clothing, furniture and fixtures, as shown by inventory attached to said report, and being of the estimated value of $11,386.99. Cash on hand in bank subject to check $710.45. Cash received, goods sold, insurance $943.57, etc., $3,950.67.

"That said report shows that the value of the furniture and fixtures was $1,075.00, leaving the estimated value of stock, etc., according to said report as $10,311.99.

"That under date of September 2d, 1925, the said administrator filed his report and

account of said estate as of July 1st, 1925, as follows:

### Statement of Brunner Tailoring Co.

From Dec. 24, 1924, to July 1, 1925.

| | |
|---|---|
| $ 5,391.02 | woolens |
| 789.59 | linings |
| 540.70 | buttons & Sewing Silk |
| 61.24 | buttons & Sewing Silk |
| 1,545.59 | furniture & fixtures |
| 8,328.14 | total inventory |
| 6,337.14 | old accounts |
| 1,498.87 | new accounts |
| 16,164.15 | total assets |
| 6,519.88 | pay roll |
| 2,664.98 | supplies |
| 1,152.55 | overhead expense |
| 600.00 | rent |
| 600.00 | fees to U. S. Goen, Adm'r |
| 140.00 | bond fees, U. S. Goen |
| 54.80 | auditing fees |
| 452.50 | funeral expenses |
| 126.00 | repairs to home, Tobin Place |
| 260.18 | K. of P. insurance collected by John Brunner, deceased, and paid to Adm'r. |
| 774.31 | checks issued by John Brunner, deceased, and paid by Adm'r. |
| $13,346.20 | total amount of expenses |
| 15,356.93 | actual receipts |
| 13,346.20 | actual expenses |
| 2,010.73 | balance on hand, State National Bank, |
| 1,498.87 | new accounts incurred and receivable since Dec. 24, 1924, and guaranteed |
| 3,509.60 | |

"That under date of May 20th, 1926, the said administrator filed his report and account of said estate as of January 1st, 1926, as follows, to wit:

### Statement of Brunner Tailoring Co.

Jan. 1st, 1926.

| | |
|---|---|
| Old accounts .................... | $5,408.41 |
| New accounts .................... | 3,714.76 |
| Stock .......................... | 4,513.83 |
| Mfg. clothing ................ .... | 1,091.00 |
| Fixtures ....................... | 1,685.00 |
| | 15,755.21 |
| Cash on deposit .............. | 1,045.00 |
| | 16,800.21 |

"That the tailors employed in said tailoring establishment were working on piece work and received $10. for making coats, $3. for making pants and $2.50 for vests, making a total of $15.50 for making suits, that in addition to the piece work paid as above shown and salary of Herbert Brunner, said administrator paid the sum of $60. per week for sixty-four weeks for miscellaneous salaries or a total of $3,840.

"That in the course of administration approximately 770 suits of clothes were manufactured by said tailoring establishment; that approximately 95 of said suits were manufactured between January 1st, 1926, and April 15th, 1926, the close of said business.

"That the total deposits made by the said administrator from and after January 1st, 1926, is the sum of $4,350.14; that the total sum of $1,441.17 was received by the said administrator from other sources than the sales of merchandise and collections, leaving a balance of $2,908.97 as having been received upon sales and collections.

"That the report of administrator as of January 1st, 1926, shows 599¾ yards of cloth on hand; that 3⅓ yards constitute a suit pattern, making a total of approximately 180 suits patterns left on hand as of January 1st, 1926; that I am unable to state the total value of the cloth as shown in said report.

"That said administrator had on hand on April 15th, 1926, approximately 87 suit patterns, which were of the approximate value of $400; that said administrator delivered said suit patterns to Herbert Brunner in satisfaction and in the adjustment of a balance due upon a lease upon the premises occupied by the said Brunner Tailoring Co.

"That said administrator has no books or records showing the actual number of suits manufactured during the administration nor the prices actually received therefor but the Court finds that the reasonable value received for the manufactured suits was the sum of $50. per suit.

"That said administrator has accounted for all moneys turned over to him by the said Herbert Brunner; that during the year 1925 large amounts of suits were manufactured and sold by the said Herbert Brunner and the proceeds were not turned over to the said administrator and said business was mismanaged by the said Herbert Brunner; that said administrator was guilty of no negligence in placing Herbert Brunner in charge of said tailoring business, as the said Herbert Brunner was the son of the deceased, and a competent and experienced tailor; that the said administrator should not be liable for the mismanagement and defalcations of said Herbert Brunner during the year 1925 but that said mismanagement should have been apparent to said administrator on January 1st, 1926, and that thereafter said administrator should be liable for the mismanagement of said Herbert Brunner; that said Herbert Brunner was not under bond in the management of said business; that the said administrator was negligent in employing said

Herbert Brunner after January 1st, 1926, and that the salary of $40.00 per week or the total sum of $560 should not be allowed as salary to the said Herbert Brunner; that vouchers covering the amount of $101, paid to Herbert Brunner after January 1st, 1926 do not show the purpose for which said money was paid and is not a proper charge.

"That in said final report the said administrator has charged to said estate with $365.-24 premium on bond; that $311.08 of said premiums had occurred prior to the passage of the statute authorizing the payment of premiums on bonds out of the estate and said charge should be reduced to $54.16 and the estate credited with the said sum of $311.08.

"That prior to the appeal of this cause from the County Court to the District Court the said administrator had not employed an attorney but had acted as his own attorney in said estate; that the reasonable value of the services rendered the administrator in the appeal upon the contest of his final report is the sum of $300.

"That said final report allows the administrator as fees under the statutes, the total sum of $2,865.11; which amount included commissions upon cash received and disbursed in the operation of the said business; that said administrator is entitled to fees in the sum of $216.13; that the reasonable value of the services rendered as salary for the operation of the business of the Brunner Tailoring Co. is the sum of $125.00 for sixteen months; that the court finds the administrator is entitled to the above salary for running said business.

"That the other items as shown in administrator's final report are correct and should be allowed.

"That in addition to the items shown in said final report the following additional items should be allowed and charged to said estate;

| | |
|---|---|
| Auditor's fee | $150.00 |
| Premium on bond | 130.00 |
| Advertising final account | 8.40 |

"That said business was operated at a loss and that all of the assets of said estate, including all cash on hand, cash collected from insurance companies and cash realized upon old account and real estate were used by the administrator in the operation of said business.

"That in the course of administration various representatives of the creditors in the above matter called upon the administrator and at the place of business of the Brunner Tailoring Co. and were informed by the administrator that said business was being operated at a profit and would pay creditors in full; that various letters were sent out by the administrator stating that said estate would pay creditors in full; that none of the general creditors in this estate have been paid anything and that there are no assets on hand with which to pay the said 4th class claims amounting to $5,422.28; that all of the objectors are creditors having 4th class claims that have been filed and allowed as provided for by law."

"I find the facts as above stated.

### "Conclusion of Law.

"I conclude that the administrator is not entitled to his fees for collecting and disbursing money in connection with the Tailoring Business but that he is entitled to a reasonable compensation for his services in managing and conducting the business of the Tailor Shop, and that the account should be approved with the corrections as made in the judgment herein.

"Ballard Coldwell, Judge."

Based on the above findings, the trial court entered the following judgment:

"In re Estate of
John Brunner, Deceased. No. 30507.

"Be it remembered, that on this 24th day of June, 1929, came on to be heard the above styled and numbered cause, and all parties appearing by attorneys and the administrator in person, also, and no jury having been demanded, the matters and things of fact and law were submitted to the court without a jury, and the Court announced that he would render judgment disallowing the administrator's claim for commissions on account of sales, but in lieu thereof would allow $100.00 per month by way of salary as manager of the tailoring business, that he did find that the administrator was guilty of no negligence in placing Herbert Brunner in charge of the tailoring business, as he was the son of the deceased, John Brunner, and a competent and experienced tailor, but that the mismanagement of Herbert Brunner should have been apparent to a man of ordinary prudence on January 1st, 1926, and that thereafter this administrator should be liable for the mismanagement and defalcations occurring in said business in the employment of said Herbert Brunner. It appearing to the Court that the amount of $101.00 given to Herbert Brunner, for a purpose not shown, should be charged to the administrator, and also $560.00 paid to the said Herbert Brunner for salary after January 1st, 1926, which is not allowed inasmuch as the court is of the opinion that said employment was negligent; it further appearing to the court that $300.00 would be a proper amount for attorney's fees to be allowed to the administrator in the presentation of his final account and the legal work incident thereto.

"The court finds that at the time of the final account filed in the County Court by the administrator, there was $620.99 on hand; the court also finds that there was $311.08 claimed in said report for premiums paid on bond, which should be chargeable to the administrator individually; the court further

finds that the administrator is liable for the $560.00 salary paid Herbert Brunner after January 1st, 1926, and $101.00 paid Brunner by three certain checks after January 1st, 1926, which the court finds the evidence does not justify being charged against said estate; making a total since January 1st, 1926, for which said administrator should be held liable, of $1,593.07.

"The court further finds that the administrator is entitled to a salary of $1,920.00 for running said business, and, in addition thereto, is entitled to $216.13, as commissions on monies handled other than from said business, making a total allowance to said administrator for all services, including salaries and commissions, of $2,136.13. The court finds that the administrator, prior to the filing of said report, had received $1,120.86 for services rendered in said estate leaving a balance due said administrator, at the time of filing said report, of $1,015.27. The court further finds that, in addition thereto, said administrator is entitled to attorney's fees in the sum of $300.00, $130.00 paid on additional premium on bond, auditor's fees of $150.00 and advertising final account $8.40, making a total to which he is entitled to credit of $1,603.27, and leaving nothing due from said administrator to the said estate.

"Therefore, it is ordered, adjudged and decreed that, with the modifications hereinbefore indicated, the report of the administrator be, and the same is, in all things approved, and that there is nothing due from said administrator to said estate, and that this order be certified to the Probate Court of El Paso County, Texas, for observance and enforcement."

Appellants excepted and gave notice of appeal.

Appellants in due time filed their motion for a new trial which the court heard and overruled.

Appellants excepted, gave notice, and perfected this appeal.

## Opinion.

■ Appellants filed assignments of error in addition to the grounds set out in their motion for a new trial. Under Phillips Petroleum Company v. Booles et ux. (Tex. Com. App.) 276 S. W. 667, only such grounds in appellant's assignments of error (not fundamental) as to a matter called to the attention and ruling of the trial court, either in the course of the trial or through the offices of the motion for a new trial, can be considered.

■ The record shows no action of the trial court on appellants' general demurrer. It can be considered only as presenting fundamental error. Appellants point out no error as being fundamental, and we find none.

The court found that during the year 1925 the administrator placed Herbert Brunner, son of the deceased, John Brunner, in charge of said business; that during the year 1925 large amounts of suits of clothing were manufactured and sold by Herbert Brunner and the proceeds were not turned over to the administrator by Herbert Brunner; that the administrator was guilty of no negligence in placing Herbert Brunner in charge of the tailoring business of said estate, and for that reason the administrator should not be held liable for the mismanagement and defalcations of Herbert Brunner during the year 1925, but that his mismanagement and defalcation should have been apparent to the administrator on January 1, 1926, and thereafter the administrator was liable for the mismanagement and defalcation of Herbert Brunner in the tailoring part of said estate. The court made a similar holding as to the weekly salary allowed Herbert Brunner, thus allowing the administrator salary of Herbert Brunner during 1925, and disallowing a salary thereafter.

Appellants submit that the above holding of the court as to want of liability of the administrator for the defalcations of Herbert Brunner in 1925, and for salary, was error.

Appellee insists that where the administrator uses ordinary discretion in the selection of his subordinates in a purely ministerial duty in the operation of a business, such as the selection of Herbert Brunner, son of John Brunner, deceased, as a tailor and manager of the tailoring establishment of the estate, and where the trial court found under the evidence that the administrator was not guilty of negligence in placing Herbert Brunner in charge of the tailoring business of the estate and continuing him in charge during 1925, all parties are bound by the court's finding on the issue of negligence in the absence from the record of a statement of facts. It is submitted that such insistence would especially be the law where the order of the probate court authorized and directed, as in the findings, that the administrator take charge of the tailoring establishment, finish jobs on hand, employ persons for such purpose, and pay all help necessary to the operation of said tailor shop to prevent deterioration and waste.

■ The holding by the trial court of the nonliability of the administrator for the defalcation of Herbert Brunner was evidently based on the court's finding that the administrator was not guilty of negligence in employing Herbert Brunner or retaining him in his employment in 1925. That finding of the court is not challenged in any way by appellants, and we must assume that the administrator was not negligent as found and appellants were satisfied with the court's finding as to negligence. The question is then presented, if the administrator was not negligent in the employment of Herbert Brunner nor in retaining him in employment, would he be

liable as a matter of law for Brunner's defalcation? We think not. Article 3426 of our statute (Rev. St.) makes it the duty of the administrator to "take such care of the property of the estate of his testator or intestate as a prudent man would take of his own property."

Article 3427 makes it the duty of the administrator "if there be a * * * business belonging to the estate and the disposition thereof is not specially directed by will [or otherwise], * * * the executor or administrator shall carry on the * * * business, or cause the same to be done."

Article 3429 provides that the "administrator shall use ordinary diligence to collect claims * * * and, if any executor or administrator shall willfully neglect to use such diligence, he and the sureties on his bond shall be liable, * * * by his neglect to use such diligence."

Under the statute, and as said by the Supreme Court in Noble v. Jones, 35 Tex. 692, the administrator is not required to exercise any higher degree of diligence than an ordinarily prudent person would take in the management of his own property.

If an administrator acts strictly within the line of his duty, and does not exceed the limits of the discretion intrusted to him, and is guilty of no fraud, he cannot be held responsible for any losses which may occur to the trust estate. Kennedy v. Briere, 45 Tex. 305; Finlay v. Merriman, 39 Tex. 56. The administrator's duty to the estate is the exercise of ordinary care. Negligence, as applied to the facts here, would be a failure on the part of the administrator to exercise ordinary care in appointing and retaining in his employment Herbert Brunner as manager of the tailoring business of the estate. If the administrator was not negligent in employing Brunner and retaining him in his employment, there would be no liability for the acts of Brunner.

The court allowed the administrator a lump sum as compensation for acting as administrator in the estate, after eliminating some items as indicated in its judgment.

■ We think this matter presents no error in view of the fact that it was proper for the court to allow extra compensation for conducting and carrying on the business. Dwyer v. Kalteyer, 68 Tex. 554, 5 S. W. 75; Stonebraker v. Friar, 70 Tex. 202, 7 S. W. 799.

There are a great many other propositions submitted in appellants' brief under his assignments of error, but we think the only material questions presented by the appeal are those discussed above.

Many of the propositions submitted cannot be reviewed without a statement of facts.

Other propositions are correct in the abstract, but have no application to the record as it here appears.

Some of them cannot be considered under the rule announced in Phillips P. Co. v. Booles, supra.

Finding no reversible error, the case is affirmed.