## GRAND COURT OF TEXAS, ORDER OF CALANTHE, v. SMITH.

### No. 10794.

Court of Civil Appeals of Texas. Dallas.

April 11, 1931.

Rehearing Denied June 6, 1931.

R. D. Evans, of Waco, for appellant.

W. J. Durham, of Sherman, for appellee.

VAUGHAN, J.

Appellee instituted this suit on a benefit certificate issued by appellant to one Helen Poole, a deceased member of its order, to collect insurance in the sum of $300, for expense of burial, $75, and sick benefits due the deceased from July 1, 1928, to July 1, 1929, at $2 per week, less $5.40 for dues and premiums deducted, for interest on the entire sum at the rate of 6 per cent. per annum. The cause was submitted to the jury on the following special issues: "Question No. 1: Was Helen Poole incapacitated by sickness of January 1, 1929? Question No. 2. Was Helen Poole in good standing in the Dalton Court, Order of Calanthe of Texas January 1, 1929? Question No. 3. Were the officers of Dalton Court, Order of Calanthe of Texas, at Denison, Texas, notified of the sickness of Helen Poole, if she was sick, between July 1, 1928 and January 1, 1929?" Each issue was answered "Yes," and on said verdict the court rendered judgment for appellee in the sum of $473.60. This appeal is before us without a statement of facts.

Appellant contends that the trial court committed fundamental error in rendering judgment for appellee, for the reason that appellee's petition failed to allege a cause of action, in that no facts were alleged by which an insurable interest in appellee could be lawfully inferred; appellant being a fraternal benefit society, incorporated under the laws of the State of Texas, by which laws the payment of benefits by appellant was confined to certain parties specified in article 4831, R. S. 1925, as amended by Acts 41st Leg., 2nd C. S., 1929, p. 28, c. 16, § 6 (Vernon's Ann. Civ. St. art. 4831). The transcript shows that appellant's answer contained a general demurrer, but that same was not passed upon by or called to the attention of the trial court for decision. Under this state of the record, we must assume that said demurrer was waived, and therefore it is to be considered only for the purpose of determining whether or not fundamental error was committed in rendering judgment in favor of appellee. Dallas Tailors' Supply Co. et al. v. Goen (Tex. Civ. App.) 25 S.W.(2d) 224.

Article 4831, supra, in part reads as follows: "The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, children by legal adoption, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, father-in-law or to a person or persons dependent upon the member. * * * Within the above restrictions each member shall have the right to designate his beneficiary. * * * If a member shall die without designating a beneficiary, or if at the death of the member the beneficiary designated is dead or has no insurable interest in the life of the member, the benefits payable under the certificate shall not be forfeited but shall be paid to the persons named in this article, but in such order as the by-laws of the society shall prescribe; and if such society shall fail to prescribe the order of payment, then the same shall be payable to the persons named in this article and in the order first named."

Appellee's right to recover as a beneficiary under said statute was alleged as follows:

"That the defendant is a fraternal benefit society doing business in Grayson County as such Society or corporation and that the defendant has an agent in Travis County, Texas, to wit: James E. DeWeese, Commissioner of Insurance of Texas, and upon whom service may be had herein. * * * That on or about the 14th day of September, A. D. 1918, the defendant society issued its certain policy of insurance, in writing, No. 21094, to one Helen Poole, whereby the defendant society, in consideration of the payments of premiums as the same became due and payable, and by the terms of said policy of insurance and the provisions of the constitution and by-laws of the defendant society, insured the life of the aforesaid Helen Poole in the sum of Three Hundred Seventy-Five ($375) Dollars in favor of Eliza Smith, who was named sole beneficiary in said insurance policy."

From this it cannot be gathered that appellee alleged the existence of facts upon which, as a matter of law, she was entitled to recover on the benefit certificate involved, viz. a person dependent upon the said Helen Poole, or as one related to her in any of the respects named in said article 4831; and, it being necessary that appellee establish by proof that she was a beneficiary within the terms of said article, it was incumbent upon her, in order to state a cause of action, to have alleged the existence of such relationship to, or her dependency upon, the said Helen Poole. Elkhart Mutual Aid, Benev. & Relief Ass'n v. Houghton, 98 Ind. 149; Sleight et al. v. Supreme Council of Mystic Toilers et al., 121 Iowa, 724, 96 N. W. 1100; Supreme Council Catholic Benev. Legion v. McGinness, 59 Ohio St. 531, 53 N. E. 54; Leumann et al. v. Grand Lodge, A. O. U. W. of Neb., 85 Neb. 803, 124 N. W. 475; Sherry et ux. v. Operative Plasterers' Mutual Union, 139 Pa. 470, 20 A. 1062; Pine v. Supreme Circle Brotherhood of the Union, 77 N. J. Law, 344, 71 A. 1130.

Therefore the court committed fundamental error in rendering judgment for appellee. In view of the fact that the general demurrer interposed by appellant was not presented to the trial court so as to secure a ruling thereon, the cause will not be rendered, but will be remanded, in order that appellee may, on said demurrer being sustained, avail herself of the valuable right accorded her by law to amend her petition so as to, if it may be in her power, allege a cause of action upon the involved benefit certificate. Therefore said cause is reversed and remanded.

Reversed and remanded.