# Kirby v. Vann.

*Agreed statement of facts, in lieu of bill of exceptions.* — An agreed statement of facts, incorporated into the transcript by consent of counsel, but neither signed by the presiding judge of the court below, nor established as a bill of exceptions, will not be considered by this court in lieu of a bill of exceptions.

APPEAL from the Circuit Court of De Kalb.
Tried before the Hon. WM. L. WHITLOCK.

RICE, JONES & WILEY, for appellant.

FOSTER & FORNEY, *contra.*

PETERS, C. J.—The record in this case does not show any

bill of exceptions, such as this court has any authority to notice. By consent of the counsel of both the parties litigant, an agreed statement of facts is incorporated into the transcript, of which they say: " This being, in substance, all the testimony, the counsel in the cause having consented in writing to the signing of a bill of exceptions in vacation, and the presiding judge having been repeatedly and continually absent, it is agreed that the above be taken as an agreed statement of facts, in lieu of a bill of exceptions, and that the cause be heard at the June term, 1873, of the supreme court." But this document was not made part of the record, by any order of the court below for that purpose, nor is it a bill of exceptions without the signature of the presiding judge. Rev. Code, § 2754. If the presiding judge fails or refuses to sign the bill of exceptions, it can only be used after having been established on application to this court. Rev. Code, § 2758. These are the only modes by which objections to the competency of a witness can be brought to this court for review; and the practice must be confined to them, until the legislature may see fit to change or enlarge them. That cannot be done indirectly, which, if done directly, would be illegal. The errors assigned are not sustained by the record. The judgment is affirmed.