# Kerley v. Vann.

*Application to set aside Judgment of Affirmance and reinstate Cause upon the Docket.*

*Bill of exceptions; parties cannot dispense with signature of judge.* — Neither the written consent of parties, nor a joinder in error, can impart validity to an unsigned bill of exceptions ; and where parties knowingly submit a cause in this condition and the judgment below is affirmed, the affirmance will not be set aside and the cause reinstated upon the docket and a *certiorari* awarded to bring up a bill of exceptions, to be signed by the judge in pursuance of an agreement of the parties.

THIS was an application, made at the last term, to set aside the judgment of affirmance then rendered, and to reinstate the case upon the docket, &c.

RICE, JONES & WILEY urged, in support of the application, that as the appeal gave jurisdiction, and the parties believed that consent of counsel was as valid to cure omissions in a bill of exceptions as in other parts of the record, although mistaken in this, that the case was one in which the discretion of the court should be exercised to relieve the parties from the effects of their common mistake.

PER CURIAM. — The judgment below in this cause was rendered at the Spring term of the circuit court in 1873 ; and the appeal from it to this court was taken to the June term of this court of the same year, 1873.

The bill of exceptions was not signed by the circuit judge, though it was agreed that he might sign in vacation, the writing found in the record purporting to be such. But not having done so, the counsel of the parties agreed in writing that the intended bill of exceptions might be considered as signed by the judge and treated in this court as duly completed ; and thereupon it was sent up as a part of the record, and treated by the counsel on both sides as such, and errors were assigned upon it, and a joinder in error entered.

At June term, 1874, this court affirmed the judgment below, on the ground that the writing considered as a bill of exceptions was not, and could not be made such by agreement of parties, and that the record proper of the cause showed no error.

Application was afterwards made by appellant's counsel to have the judgment of this court set aside, the submission of the cause vacated, and the cause reinstated on the docket, and continued for the amendment of the record below, so as to put the parties in a situation for a hearing upon the merits.

The condition of the record was well known to counsel on

both sides, and they have chosen to take the judgment of the court upon it as it stood.   The reasons shown for the application to set aside the judgment would hardly be sufficient for the granting of a continuance if the cause were now on the docket; much less will they justify the setting aside of the judgment of affirmance and continuance of the cause, and a *certiorari* when the proposed amendment should be hereafter made, if it should be made at all.

The motion is overruled.