# Southern Express Company *v.* Black.

## *Validity of Bill of Exceptions.*

*Bill of exceptions, validity of; what necessary to.*—It is essential to the validity of a bill of exceptions that it should be signed by the presiding judge, according to the statute; and no agreement of the parties or their attorney can dispense with such signature.

APPEAL from Criminal Court of Bullock.

Tried before Hon. C. J. L. CUNNINGHAM.

This cause was commenced in the circuit court, and transferred and tried in the criminal court, which was abolished by the legislature before the bill of exceptions was signed. A bill was agreed upon by counsel, and the judge certified that it was a fair statement of the facts and the rulings thereon, and that he would have signed the same as a bill of exceptions, had it been presented to him before his court was abolished.

WATTS & WATTS, for appellant.

ARRINGTON & GRAHAM, and ARRINGTON & TOMPKINS, *contra.*

BRICKELL, C. J.—The statute requires a bill of exceptions to be tendered by the party supposing himself aggrieved, stating the point, charge, opinion, or decision wherein the court is supposed to err, with such a statement of the facts as is necessary to make it intelligible; and, if correctly stated, it is the duty of the presiding judge to sign the same, which, thereby, becomes a part of the record.—R. C. § 2755. It is the signature of the presiding judge, authenticating the bill, which makes it a part of the record. Without such authentication, it is not and can not become matter of record.—*Law v. Jackson,* 8 Cow. 746; *Davis v. Wilson,* 2 Har. & J. 345. The agreement of parties, or of counsel, that a paper contains a correct statement of the facts, and of the rulings of the court, and of the exceptions reserved, and that it should be taken as part of the record,

(12)

[Murphy v. The State.]

and as a bill of exceptions will not supply the want of the signature of the presiding judge.—*Kerley v. Vann*, 52 Ala. 7 ; *Rollater v. Rollater*, Ib. 111 ; *Leonard v. Warriner*, 20 Wisc. 41 ; *People v. Ferguson*, 34 Cal. 309 ; *People v. Trim*, 37 Cal. 274. In the case cited from 20 Wisconsin, it is said : "We can not permit the stipulation of attorneys to take the place of or do away with the necessity of such signing by the judge. They might stipulate into the record, if this was permitted, rulings or instructions that were never made or given, and which would make the circuit judge appear ridiculous. If this practice were allowed, attorneys might send up to this court for decision questions never raised in the court below, and even causes to which the attention of the circuit court was never called." A bill of exceptions is purely statutory, and the mode of its authentication, whereby it becomes a part of the record, so that error on it may be assigned, prescribed by statute, is the signature of the presiding judge. We have no power to dispense with the statutory requisition, and accept either the signature of another judge, or the consent of counsel, in lieu of it.—*Floyd v. Fountain*, 17 Ala. 700.

The only errors assigned, refer to matters shown by a paper purporting to be a bill of exceptions, not signed by the presiding judge, but which counsel have agreed, shall be taken as a bill of exceptions. The high character of the counsel leaves no doubt that the paper is correct in its statements, but we can not, without disobedience to the statute, and the introduction of a dangerous precedent, recognize it.

The result is, the judgment must be affirmed.