# Pearce *v.* Clements.

## *Statutory Real Action in the Nature of Ejectment.*

1. *Bill of exceptions; defects in can not be aided by parol evidence.*—A bill of exceptions, when signed by the presiding judge, becomes a part of the record, and it must be perfect within itself; its defects, if any, can not be supplemented or corrected by parol evidence.

2. *Transcript sent up as a return to certiorari; its effect on former transcript.*—Where there is any repugnancy between the contents of the original transcript, and that sent up as a return to a *certiorari* awarded by this court, the latter must be regarded as the true and correct record.

3. *Bill of exceptions; when papers referred to not sufficiently identified.* Where a bill of exceptions, taken on the trial of a statutory real action in the nature of ejectment, recites that the plaintiff read in evidence a transcript of a judgment, the name of the court in which it was rendered, and the parties thereto only being stated, and also a deed, the description of which only gives the names of the grantor and grantee, and this recital is followed by these words: "(It is agreed that the clerk may here set out in full said transcript and deed, together with all the endorsements thereon),"—*held*, that the papers were not sufficiently identified to become part of the bill of exceptions; and that this court could not consider, as a part thereof, papers found copied elsewhere in the record, corresponding in description to the transcript and deed mentioned in the bill.

4. *When rulings of primary court constitute error without injury.*—In such case, the bill of exceptions, taken by the plaintiff, purporting to set out all the evidence, and he failing to show any title in himself by reason of his failure to incorporate the transcript and deed in his bill, the rulings of the primary court, if erroneous, must be regarded as error without injury to his legal rights, and will not operate to reverse the judgment rendered against him.

APPEAL from Clay Circuit Court.

Tried before Hon. JOHN HENDERSON.

This was a statutory real action in the nature of ejectment, by Daniel C. Pearce against Benjamin A. Clements and Tempy Clements. The trial resulted in a verdict for the defendants, from which the plaintiff appealed. The facts, necessary to an understanding of the points decided, are sufficiently stated in the opinion.

VOL. LXXIII.

[Pearce v. Clements.]

GEO. W. PARSONS, for appellant.

JNO. T. HEFLIN, *contra.*

SOMERVILLE, J.—Bills of exceptions are the mere *creatures of statute,* being entirely unknown to the common law, either in the criminal or civil procedure. When signed by the proper judicial officer, or established in the manner authorized by law, they become incorporated as a part of the several records in this court, to which they may respectively belong. An instrument purporting to be a bill of exceptions, *without the signature of the presiding judge,* unless properly established, will be disregarded, *ex mero motu,* as such by the appellate court.—*Express Co. v. Black,* 54 Ala. 177. So, if signed after the adjournment of court, *without the written consent of counsel* as required by statute, it will, on motion, be stricken from the record.—*Wood v. Brown,* 8 Ala. 563. Neither parties litigant nor their counsel can substitute by consent *an agreed statement of facts,* set out in the transcript, *in lieu* of a properly prepared bill of exceptions.—*Kirby v. Vann,* 51 Ala. 221; *Kerley v. Vann,* 52 Ala. 7. The absence of the presiding judge's signature is *not* allowed to be *supplemented by a certificate* of this official, declaring that the record contains the bill of exceptions.—*Alford v. Eubank,* 44 Ala. 276. Nor, when once perfected, can such an instrument *be modified by an amendment or addition* made, without consent of parties, by the presiding judge. *Kitchen v. Moye,* 17 Ala. 394. And so it is equally beyond the power of this court to receive *affidavits* which are designed *to correct defects* agreed to be erased from a bill of exceptions, which has been executed within the time and in the manner prescribed by the statute.—*Chapman v. Holding,* 54 Ala. 61.

The above are familiar principles often declared, and now firmly settled by this court. It follows from them that a signed bill of exceptions, being regarded as part of a record, must *be perfect within itself,* and its defects, if any, can not be supplemented or corrected by the aid of oral evidence. Hence, it is a rule now inflexibly settled in our practice, by a long current of decisions, that this court will not establish a bill of exceptions, nor award a *certiorari* to bring it up as a part of the record, even if signed, where there are *blanks* in material parts of the instrument, and the papers intended to be inserted are not properly identified.—*Tuscaloosa County v. Logan,* 50 Ala 503; *Strawbridge v. The State,* 48 Ala. 308; *Garlington v. Jones,* 37 Ala. 240; *Looney v. Bush,* Minor, 413.

The bill of exceptions in the present record is of this imperfect and insufficient character. When we say the *present record* we mean the corrected transcript of the proceedings in

this cause, returned to this court under an order for a *certiorari*, which we must regard as the true and correct record, so far as there may be any repugnancy between its contents and those of the former transcript. It contains two *blank spaces*, in each of which is inserted the following: (*It is agreed that the clerk may here set out, in full, said transcript, and deed, together with all the endorsements thereon.*) The only description of the first transcript and deed is that of " a *judgment* rendered by the Circuit Court of Talladega county, Alabama, in favor of Daniel C. Pearce, and against B. A. Clements and Tempy Clements, and [a] *deed* executed by W. W. Powell, as sheriff [of] Clay county, Alabama, to Daniel C. Pearce." The description of the second sheriff's deed, and of the proceedings on which it was based, was precisely similar to that of the first, the only identification being by a designation of the *parties*, without amounts, or dates, or other identifying features. The rule was settled by this court, as far back as *Looney v. Bush*, Minor's Report, 413, more than fifty years ago, that " whenever it is intended to incorporate in a bill of exceptions a paper, read or offered to be read, it is indispensable to set out a copy *in the bill of exceptions, before the same is sealed*, or to so describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer." This rule has been often repeated, and has ever since been strictly adhered to in subsequent decisions. *Bradley v. Andress*, 30 Ala. 80; *Decatur v. Moseley*, 19 Ala. 222; *Tuscaloosa County v Logan*, 50 Ala. 503. We need not decide, as would seem reasonable, that there can be no sufficient identification of a judgment without specifying *the parties, date and amount;* nor of a deed without naming *the parties* AND *date*. Such is the accepted rule of *certainty* everywhere recognized as applicable to the description of written instruments, or records in ordinary pleadings. It is enough to say, that where, in making up a record for the appellate court, the clerk of the circuit court leaves *blank spaces* in the bill of exceptions, with a reference to a judgment or deed only by a description of the *parties*, such papers found copied *elsewhere* in the record, without being further identified, or referred to, as being parts of such bill of exceptions, can not be so regarded by the court. A record is something which is proved by its mere *production* and *inspection*, whether of the original or of a copy, and nothing can be construed to be a part of it, which does not appear, *on the face of it*, to be such, without the aid of oral evidence, explanatory of clerical errors which may have crept into such judicial proceedings, whether errors of omission or errors of commission.—*King v. Martin*, 67 Ala. 177. This principle applies with peculiar force to bills of ex-

[Wood, Ex'rx, v. Brewer & Brewer.]

ceptions, around the execution of which the law has seen fit to place so many exacting safeguards.

Under the application of this rule, we must exclude from consideration altogether the sheriff's deeds and the judgments against B. A. Clements in favor of the appellant, which we find copied into the present transcript. They form no part of the bill of exceptions, nor can we, therefore, regard them as having any proper connection with the record.

This view results in the necessary affirmance of the judgment. All the evidence purports to be set out, and the plaintiff in ejectment below, who is here the appellant, fails to show any title in himself to the premises sued for. He could only recover upon the strength of such title as he himself proved on the trial, and without such proof the weakness of the defendant's title would avail him nothing. Hence, the rulings of the circuit court, if erroneous, must be regarded as error without injury to the legal rights of the appellant, and will not operate to reverse the judgment.—*McClellan v. Lipscomb*, 56 Ala. 255; *Smith v. Rice, Ib.* 417; *Treadway v. Treadway's Ex'rs, Ib.* 390; *Simpson v. Lauderdale County, Ib.* 64; 1 Brick. Dig. 780, § 100.

The judgment is affirmed.