The Elkhart Mutual Aid, Benevolent and Relief Association v. Houghton.

Filed Oct. 30, 1884.

———————◆———————

No. 11,740.

THE ELKHART MUTUAL AID, BENEVOLENT AND RELIEF
ASSOCIATION v. HOUGHTON.

* LIFE INSURANCE.—*Mutual Aid Association.*—*Insurable Interest.*—*Complaint.* —Certificates of membership in mutual aid associations are in effect policies of life insurance, and are governed by the same rules which control ordinary contracts of insurance. A stranger, who has no interest in the life of another, can not obtain a membership for that person, in such association, where the membership secures an insurance upon the life of the member. The existence of an insurable interest in the person taking the insurance upon the life of another must be shown by the statement of facts in a complaint from which such interest may be inferred. A general averment of such an interest is a conclusion of law, and not the statement of a traversable fact.

From the Starke Circuit Court.

The Elkhart Mutual Aid, Benevolent and Relief Association *v.* Houghton.

*J. M. Vanfleet,* for appellant.

*J. S. Bender* and *A. I. Gould,* for appellee.

ELLIOTT, C. J.—The appellee's complaint counts upon two certificates of membership issued by the appellant. These certificates are in legal effect policies of insurance upon the life of James Mitchell. In many respects certificates such as these are governed by the same rules as those which prevail in cases of ordinary contracts of insurance. The reasons which support the rule that a stranger can not take out a policy on a life in which he has no insurable interest, apply quite as forcibly to contracts of insurance issued by mutual aid societies, as to those issued by ordinary insurance companies. The evils which the rule is intended to prevent are the same in the one case as in the other. A stranger, who has no interest in the life of another, can not obtain a membership for that person in any mutual benefit society where the membership secures to him an insurance upon the life of the member. Hirschl Law of Fraternities, 20; *Mutual Benefit Association* v. *Hoyt,* 46 Mich. 473.

The existence of an insurable interest in the person taking the insurance upon the life of another is an essential element of the cause of action in a suit upon the contract. Facts must be stated from which, as a matter of law, the court can infer the existence of such an interest. In the complaint before us, no facts are stated from which such an inference can be made. It is true that it is alleged in general terms that the plaintiff had an insurable interest in the life of James Mitchell, but this is the statement of a conclusion of law, and not the averment of a traversable fact. The case of *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380, is directly in point and decisively against the sufficiency of the complaint before us.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Filed Oct. 30, 1884.