[Cook v. Phonoharp Co.]

# Cook *v.* Phonoharp Company.

*Assumpsit.*

. (Decided Dec. 16, 1909.  50 South. 1021.)

*Bill of Exceptions; Authentication; Signature.*—A paper contained in the record which is not signed or otherwise authenticated by the presiding judge, and does not purport to be signed by anyone, and is not in any other manner sufficiently authenticated, will not be treated or considered as a bill of exceptions.

APPEAL from Tallapoosa Circuit Court.
Heard before Hon. S. L. BREWER.

Action by the Phonoharp Company against Mattie C. Cook. For former report of this case, see 157 Ala. 501. Judgment for plaintiff and defendant appeals. Appeal dismissed.

M. PETERS, for appellant.—A judgment by default or nil dicit entered before the expiration of the time allowed for pleading will be reversed.—*Hollis v. Herzberg Bros.,* 128 Ala. 474; *Ex parte Howard Harrison Co.,* 119 Ala. 424.

SORRELL & DENNIS, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—The only judgment shown by the transcript in this case is that appearing as a part of what purports to be, and is called, the bill of exceptions. But this is not a bill of exceptions, because it is not signed by the trial judge, does not purport to be signed by any one, and is not in any other manner sufficiently authenticated to be known or considered by this court as a bill of exceptions. In view of this condition of the record, there is nothing for us to review.

The appeal is dismissed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.