# Alosi *v.* Birmingham Water Works Company.

*Assumpsit.*

(Decided June 1, 1911. 55 South. 1029.)

1. *Appeal and Error; Review; Questions Reviewable; Demurrers; Insistence on.*—Where the complaint states a cause of action and the assignment of error is on the overruling of demurrer to·the complaint and the 2nd count thereof added in the circuit court on appeal, and such assignment is not supported by argument or citation of authority in appellant's brief, such assignment will not be reviewed.

2. *Same; Record; Bill of Exceptions.*—Where the bill of exceptions fails to disclose the finding of the trial court on the evidence or the judgment as required by section 7, Acts 1888-9, p. 800, the appellate court has no jurisdiction to review such finding; the general statutes on the subject do not affect the requirements of the statute set out above as to presenting by bill of exceptions the conclusion and judgment on the evidence.

3. *Contracts; Execution; Validity.*—Where one signs a contract without reading it or without being informed of its contents, he is not relieved of the obligations assumed by him in the contract where he was not induced to sign the same by·any false representations of the adverse party.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

[Alosi v. Birmingham Water Works Company.]

Assumpsit by the Birmingham Water Works Company against F. Alosi. Judgment for plaintiff and defendant appeals. Affirmed.

WILLIAM CONNIFF, for appellant. The preponderance of evidence shows that the ordinances of the city of Birmingham were not complied with relative to furnishing an itemized statement of the water used, and the court had the right to examine the evidence and review the findings of the court on it without an exception.—Sec. 5361, Code 1907. Counsel discuss the other assignments of error but cites no authority in support thereof.

LAMKIN & WATTS, for appellee. The insistence on the assignments of error relative to the pleading is not sufficient to require a review of them, as the complaint stated a good cause of action.—*Mont. St. Ry. Co. v. Hastings,* 138 Ala. 432; *Mitchell v. Gambell,* 37 So. 402; *Bingham v. Davidson,* 37 So. 738. The demurrers were addressed to the whole complaint, and were, hence, properly overruled, even if they were good as to the 2nd count.—*K. C. M. & B. v. Lackey,* 114 Ala. 152 . The fact that defendant did not read the contract or have it explained to him does not relieve him of his obligations thereunder as no fraud was practiced on him to procure his signature.—9 Cyc. 390.

WALKER, P. J.—The first count of the complaint, the one filed on the institution of the suit in the inferior court, claimed "of the defendant $23.90 due by account made by defendant on December, 1905, and January, 1906, and payable with interest." By the second count of the complaint, which was added in the circuit court by amendment, the plaintiff claimed of the defendant an amount alleged to be due from him under a written contract or application signed by him, by the terms

whereof defendant requested plaintiff to supply him with water at meter rates, and agreed to pay plaintiff by the 10th of each month for the amount of water registered by his meter for the previous month; and this count stated the amount due from defendant at meter rates for the water registered by his meter for the months of December, 1905, and January, 1906, and that defendant had failed and refused to pay the same.

We do not discover merit in any of the grounds of the demurrer to the complaint, which was addressed "to the complaint and to count 2 thereof," and not to each count separately and severally; but, as the assignments of error based upon the overruling of the demurrer are not supported by argument or citation of authorities in the brief of the counsel for the appellant, and, the complaint stating a cause of action, that ruling of the trial court need not be reviewed.—*Montgomery Street Railway Co. v. Hastings,* 138 Ala. 432, 445,35 Couth. 412.

There was no error in sustaining the demurrer to defendant's third plea. That plea in averring merely that defendant signed the instrument sued on without reading it or being informed of its contents, and failing to allege that he was induced thereto by any false representations, did not disclose any ground for relieving the defendant of the obligation so assumed by him.—*Martin v. Smith,* 116 Ala. 639, 22 South. 917; 9 Cyc. 389, 390.

The case was tried by the court below sitting without a jury. The bill of exceptions does not disclose that any conclusion was reached by the trial judge or judgment entered by the circuit court on the evidence. Under the provisions of section 7 of the act to regulate the practice and proceedings of the circuit court of Jefferson county, approved February 28, 1889 (Acts 1888-89, pp. 797, 800), the conclusions and judgment of the trial court on the evidence in a case tried without a jury are

not subject to review here, unless they are presented for review on appeal by a bill of exceptions.—*Williams, Adm'r, v. Woodward Iron Co.,* 106 Ala. 254, 17 South. 517. There is a similar requirement in the present general statute (Code 1907, § 5361) governing the review on appeal of the conclusions and judgments of the trial court in cases tried without a jury. The conclusion or finding of the trial court on the evidence not being presented for review on appeal in the manner required by law, such conclusion or finding is not subject to re-examination by this court. The provision of the general statute dispensing with the necessity of an exception to the finding of the trial court in order to present it for review does not affect the other requirement of the statute in reference to presenting, by bill of exceptions, the conclusions and judgments on the evidence which are sought to be reviewed.

Affirmed.