# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1911-12.

## Graves, *et al. v.* The State.

*Murder.*

(Decided May 29, 1912.   59 South. 584.)

1. *Bill of Exceptions; Establishment.*—On the death of the trial judge an undated stipulation signed only by the solicitor for the state, cannot be treated as a sufficient bill of exceptions under section 3022, Code 1907, as such section requires that in the event the judge died the bill of exceptions shall be established as in the case ,where a judge refuses to sign it.

2. *Criminal Law; Severance; Waiver.*—Where the record does not show that any action was taken on a motion made by a defendant for a severance, it will be presumed on appeal that the same was waived.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Graves and another were convicted of murder in the first degree and they appeal.   Affirmed.

FRANK S. ANDRESS, for appellant.   Counsel discusses the paper purporting to be the bill of exceptions and insist that as it was agreed to by the prosecutor and filed, it was of necessity accepted by defendant as the correct bill of exceptions, and it therefore should be so considered by the court.   He also discusses the motion for a severance, but cites no authority in support of either contention.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion for severance came after arraignment and plea of not guilty, and hence, was within the discretion of the trial court.—Rule 32, Cir. Ct. Pr.—*Rodgers v. State,* 166 Ala. 12; *Miller v. State,* 130 Ala. 19; *Malachi v. State,* 89 Ala. 134. On a former appeal, the court tacitly decided that the refusal to grant a severance was not error.—*Graves v. State,* 16 Ala. 671. Counsel discuss the case on its merits, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

SIMPSON, J.—The appellants were convicted of the crime of murder in the first degree, and sentenced to imprisonment for life.

The record shows that on the 28th day of February, 1910, the defendant filed motions asking for a severance, and on the 5th day of March, 1910, each of the defendants, individulaly, filed a similar motion. Thereafter the cases were stated on the minute book as if a severance had been granted, and in each case, separately, on the 28th day of October, 1910, an order was made, setting the 14th day of November, 1910, as the day for trial, and from time to time the day was continued until May 25, 1911, when the case appears again as *"State v. Will Graves and Addie Miles,"* and the record states that each of the defendants appeared in person and by attorney, and pleaded not guilty, and that on issue joined the jury found the verdict. So, although the record shows that said motions were filed, and made a part of the record by the order of the court, yet said record does not show that said motions were called to the attention of the court, or that any action of the court was taken on the same. On the contrary, it

appears that the defendants appeared and pleaded to the indictment.

We find a paper writing, on ordinary legal cap paper, filed with this record, in the form of a bill of exceptions, but not signed by any one, except that, at the end of it, the following statement appears, and it is signed by "H. P. Heflin, Solicitor of Jefferson County, Ala.," to wit: "Owing to the death of Hon. Samuel L. Weaver, who presided at the trial of the foregoing cause and who failed to approve the bill of exceptions therein, it is hereby agreed that the statements herein are true and correct, and is the evidence produced at said trial, and I hereby consent for the same to be taken as appellants' legal bill of exceptions on their motion to establish same in the Supreme Court of Alabama."

Section 3022 of the Code of 1907 provides that, when the trial judge dies, the bill of exceptions may be established as in case of refusal of a judge to sign, and that the application to establish the bill must be filed on or before the next call of the division. No application has been made to establish the bill of exceptions and we know of no authority of law for receiving this paper, undated, and signed by the solicitor for the state alone, as a bill of exceptions.—*Kirby v. Vann*, 51 Ala. 221; *Kerley v. Vann*, 52 Ala. 7; *Pearce v. Clements*, 73 Ala. 256; *Clark v. McCrary*, 80 Ala. 110; *Cooley et al. v. U. S. Sav. & L. Co.*, 144 Ala. 538, 542, 39 South. 515.

As the record does not show that any action was taken by the court on the motion for a severance, or that the same was called to the attention of the court, the presumption is that it was waived or not insisted on. Consequently no error appears on the record, and the judgment of the court is affirmed.

Affirmed. All the Justices concur.