# Alabama Great Southern Railway Co. v. Taylor.

## Damages for Killing Dog.

(Decided February 6, 1913. 61 South. 475.).

1. *Appeal and Error; Finding of Trial Court; Bill of Exceptions.*
—Under Acts 1896-7, p. 270, the findings and conclusions of the judge of the county court of Tuscaloosa county, on the facts, when sitting without a jury, are not reviewable on appeal where the bill of exceptions fails to show that any conclusion was reached by the trial judge or judgment entered by the court on the evidence.

2. *Same; Assignments; Waiver.*—Assignments of error not insisted on in brief or argument of appellant's counsel are held to be waived.

APPEAL from Tuscaloosa County Court.

Heard before Hon. D. W. McQUEEN, Special Judge.

Action by A. N. Taylor against the Alabama Great Southern Railway Company, for damages for killing dog. Judgment for plaintiff and defendant appeals. Affirmed.

DANIEL COLLIER, and R. H. WRIGHT, for appellant. Counsel insist that the injuries were not shown to have been inflicted at any of the specified places under the statute, and that the burden was on plaintiff to show that defendant was guilty of some negligence proximately contributing to the death of the dog, and that plaintiff failed therein.—*So. Ry. v. Smith,* 50 South. 394; *So. Ry. v. Hoge,* 141 Ala. 356. Counsel discuss some other errors assigned but in view of the opinion it is not deemed necessary to here set them out.

BROWN & WARD, for appellee. Counsel discuss the errors assigned with citation of authority, and they further insist that the court cannot review them because

the judgment was rendered by the court sitting without a jury, and that the bill of exceptions fails to show what conclusions were reached by the court on the evidence, or what judgment the court rendered on the evidence, and that hence, the findings cannot be reviewed here.—Acts 1896-7, p. 270; *Ward v. Shirley,* 32 South. 490; *Hoge v. Herzberg,* 37 South. 591, and cases there cited.

PELHAM, J.—This case is appealed from a trial had before the judge of the county court of Tuscaloosa county, sitting without a jury. Section 16 of the act establishing the county court provides that: "Either party may by bill of exceptions review the conclusions and judgments of the court upon the evidence," etc.—Acts 1896-97, p. 270. The bill of exceptions does not disclose that any conclusion was reached by the trial judge or judgment entered by the county court on the evidence. Under the provisions of section 16, above referred to, the conclusions and judgment of the trial court on the evidence, in a case tried without a jury, are not subject to review here, unless presented for review by a bill of exceptions.—*Alosi v. Birmingham Water Works Co.,* 1 Ala. App. 630, 55 South. 1029.

Other assignments of error than those predicated upon the conclusion reached and judgment rendered are not insisted on or discussed in brief of counsel, and will not be considered.—*L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001; *Harper v. Raisin Fer. Co.,* 148 Ala. 360, 42 South. 550; *Hodge v. Rambo,* 155 Ala. 175, 45 South. 678; *Fitts v. Phoenix Co.,* 153 Ala. 635, 45 South. 150; *Ashford v. Ashford,* 136 Ala. 633, 34 South. 10, 96 Am. St. Rep. Rep. 82; *Pearson v. Adams,* 129 Ala. 169, 29 South. 977; Rule of Practice No. 10, p. 1508, Code 1907.

The case presents for our consideration nothing authorizing a reversal, and the judgment of the court below will be affirmed.

Affirmed.