# Southern Express Co. *v.* The State.

### *Seizure of Liquors.*

(Decided June 3, 1914.   65 South. 844.)

*Appeal and Error; Record; Review; Questions Presented.*—An agreed statement of facts which was not incorporated in a bill of exceptions, and which the record did not show was used upon the trial, cannot be accepted on appeal as a substitute for a bill of exceptions, so as to authorize an appellate court to review the findings of the trial court on the facts.   (Sections 3018, 5361. Code 1907.)

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

The state seized certain liquors, to which the Southern Express Company propounded its claim. From a judgment denying the claim and condemning the liquors the Southern Express Company appeals. Affirmed.

. BANKHEAD & BANKHEAD, for appellant. No brief reached the Reporter.

ROBERT C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The appeal is from a judgment rendered by the court sitting without a jury whereby certain liquors seized under a search warrant were forfeited and ordered to be destroyed, together with the vessels in which the same were contained. The affidavit under which the search warrant was issued stated facts constituting a ground for issuing such a process.—Acts of Ala. 1909, pp. 63, 76, § 22, subd. 6a. The appellant interposed a verified claim to the liquors seized, by which it controverted the existence of the grounds

stated in the affidavit upon which the search warrant was issued. The judgment recites that:

"After hearing the evidence in said cause, it is the judgment of the court that the complainant has established a ground for the issuance of such warrant."

The record does not contain a bill of exceptions. There is set out in the transcript a written instrument signed by the attorneys of the respective parties, which states that:

"It is agreed that the facts stated in the claim propounded by the Southern Express Company are true as therein stated."

The record does not show that the case was tried upon this agreed statement of facts. No reference to it is made in the judgment. It is not made to appear that it was ever called to the attention of the trial court. A bill of exceptions is required to present for review on appeal the conclusion and judgment of the court on the evidence in a case tried without a jury.—Code, § 5361; *Alosi v. Birmingham Waterworks Co.,* 1 Ala. App. 630, 55 South. 1029; *Williams, Adm'r, v. Woodward Iron Co.,* 106 Ala. 254, 17 South. 517. The agreement of parties found in the transcript cannot be treated as a substitute for a bill of exceptions. Even if it showed more than this one does, it would not be a part of the record, as it lacks the authentication furnished by the signature of the presiding judge. In the absence of a bill of exceptions, properly signed by the presiding judge in the manner prescribed by statute, we cannot review the ruling made.—*Clark v. McCrary,* 80 Ala. 110; *Southern Express Co. v. Black,* 54 Ala. 177; *Kerley v. Vann,* 52 Ala. 7; Code, § 3018.

Affirmed.