# McLeod v. Garrish.

### Assumpsit.

(Decided May 18, 1916. 72 South. 72.)

1. **Bill of Exceptions; Authenticity.**—Where the trial judge had died pending the signing of a bill of exceptions, and no motion was made in this court to establish such bill, rulings on the trial properly shown by bill of exceptions cannot be considered on appeal, and written agreement of counsel cannot be taken and considered as bill of exceptions.

2. **Same; Establishment.**—On proper motion in the appellate court written agreement of counsel in this case would have been sufficient evidence upon which to establish bill of exceptions, as provided by the statute.

3. **Appeal and Error; Judgment to Support; Transcript.**—The failure of the transcript to show a legal judgment, as the basis for the appeal sought to be taken must result in the dismissal of such appeal.

[McLeod v. Garrish.]

4. **Same.**—The judgment .appealed :from can be presented to this court only by a certified transcript of the record of the trial court, and a bill of exceptions cannot be looked to for the judgment.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

P. L. McLeod had judgment against one N. J. Bradford, and had execution thereon with levy upon certain property. M. S. Garrick interposed claim to same, and on the trial of the right of property claimant prevailed, and plaintiff in execution appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Appeal dismissed.

The record consists of matters and things which happened at the trial, but is not signed by the judge trying the cause; he having died pending the appeal. At the end of the transcript the following appears: "In the above-entitled cause it is hereby agreed by and between Q. W. Tucker, as attorney for plaintiff, and T. J. Bedsole, as attorney for defendant and claimant, that the foregoing abstract of the record in said cause, together with the pleadings, exhibits and securities for court costs, which was tried at the fall term, 1914, of the circuit court of Clarke county, Ala., before Hon. John T. Lackland, judge of the First judicial circuit of Alabama, who has died since the trial of said cause, shall be substituted in lieu of the transcript required by law in appeals, and that said cause shall be held and determined by the Court of Appeals of Alabama, upon such abstract, the same to be considered and treated in all respects as if the bill of exceptions had been duly and legally established in said court, signed in duplicate by the attorneys mentioned above, and filed with the clerk of the court."

No judgment appears in the record proper, but the judgment, if any appears, is in the transcript and sought to be covered by the agreement above set out. Order submitted on motion to dismiss the appeal, and, if overruled, on the merits.

Q. W. TUCKER, for appellant. T. J. BEDSOLE, for appellee.

THOMAS, J.—(1, 2) No bill of exceptions was signed by the presiding judge, or established as provided by the statute. Rulings on the trial, required to be presented by bill of exceptions, cannot be considered by this court unless so presented. The written agreement of counsel in this cause is not a bill of excep-

[Brown v. Moon.]

tions. Such agreement, on proper motion in the appellate court, would have been sufficient evidence to establish the bill of exceptions.—*Graves, et al. v. State,* 178 Ala. 1, 59 South. 584; *Cook v. Phonoharp Co.,* 163 Ala. 517, 50 South. 1021.

(3) The transcript fails to show a legal judgment as the basis for the appeal sought to be taken, and dismissal of the appeal must follow on this ground.—*Gunter v. Mason,* 125 Ala. 644, 27 South. 843; *C. of Ga. Ry. Co. v. Coursen,* 8 Ala. App. 589, 62 South. 977.

(4) The judgment appealed from can be presented to the appellate court only by certified transcript of the record of the trial court, and the bill of exceptions cannot be looked to for the judgment.—*Conway v. Clark, et al.,* 171 Ala. 391, 55 South. 117; *Borom, et al. v. Posey, et al.,* 133 Ala. 666, 31 South. 1035; *Street v. Frank,* 136 Ala. 616, 33 South. 879; *Gaston v. Marengo Imp. Co.,* 139 Ala. 465, 36 South. 738; *Lay v. Postal Tel. Co.,* 171 Ala. 172, 54 South. 529.

The motion is granted, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.