(109 So. 156)

**POLICE & FIREMEN'S INS. ASS'N v. CRABTREE. (6 Div. 737.)**

(Supreme Court of Alabama. June 17, 1926.)

**1. Insurance ⊙⟹629(1).**

Demurrer to complaint in suit on policy of health insurance, following form shown by Code 1923, § 9531, stating date of policy, and that premiums were paid, *held* properly overruled.

**2. Appeal and error ⊙⟹1040(7).**

Sustaining demurrer to defendant's plea in suit on health policy, allegations of which were substantially covered by other special plea and in general issue, and anticipated matter of replication not yet pleaded, *held* not reversible error.

**3. Insurance ⊙⟹641(2).**

Demurrer to replication in suit on health policy setting up waiver by agent of insurer *held* properly overruled, in absence of showing in pleadings that insurer had provided that Code 1923, § 8477, should be law of association, or that policy contained stipulation against waiver by subordinate officers or members.

**4. Appeal and error ⊙⟹544(1)—Insurance ⊙⟹ 641(2).**

In suit on health policy, sustaining demurrer to rejoinder setting up provisions of constitution and by-laws that no subordinate branch or officers should have authority to waive any provisions in policy, to meet replication setting up waiver by defendant's local agent, *held* reversible error, notwithstanding there was no bill of exceptions.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by John D. Crabtree against the Police & Firemen's Insurance Association. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

The following are pertinent pleadings in the case:

"The plaintiff claims of the defendant $92.00, due on a policy, whereby the defendant, on the 10th day of February, 1923, insured for the term of one month, and from month to month thereafter so long as the monthly premium was paid, the health of the plaintiff, who was ill from, to wit, the 5th day of August, 1923, to, to wit the 1st day of October, 1923, of which the defendant has had notice. Said policy is the property of the plaintiff. And plaintiff avers that he paid the monthly premiums covering the time when he became ill."

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plea 4:

"That the plaintiff became delinquent, and not entitled to any benefits, by his failure to pay his July dues in the year 1923; that for such non-payment he forfeited all claims to any benefits in said order, at noon, on the 31st day of July, 1923; that thereafter, on, to wit, the 8th day of August, 1923, the plaintiff became sick, and was taken to the hospital for an operation; and that, after the plaintiff became sick, and knew of this illness, he tendered his July and August dues for the year 1923 to an official of the local lodge, namely, Mr. A. J. Spinks; that the plaintiff concealed from the defendant the fact that he was sick at the time; and such concealment constituted a fraud and misrepresentation, which forbid the plaintiff to recover in this cause."

Replication 10:

"That the defendant has waived said delinquency on the part of the plaintiff, as set forth in said plea in answer to plaintiff's complaint, in that, subsequent to said alleged delinquency and on, to wit, the 8th day of August, 1923, plaintiff tendered to one A. J. Spinks, who was then and there the servant, agent, or employee of defendant, authorized to accept said dues from plaintiff, said dues for the months of July and August, 1923; that defendant's said servant, agent, or employee, being then and there informed of the fact that plaintiff was sick at said time, did accept and retain said dues so tendered him by plaintiff for the months of July and August, 1923; and that thereafter said dues so paid by plaintiff were transmitted to defendant by said servant, agent, or employee, and that the defendant, with knowledge of the fact that plaintiff was delinquent, and with knowledge of the fact that plaintiff was sick at the time said dues were so paid to defendant's servant, agent, or employee on, to wit, August 8, 1923, did accept and retain said dues so paid by plaintiff, and did ratify and confirm the acts of its said agent by accepting and retaining, and failing to tender back to plaintiff, said dues for said months so paid by plaintiff."

Rejoinder F:

"Now comes the defendant, by its attorney, and by leave of the court first had and obtained for further rejonder to the plaintiff's special replication No. 10, says that the defendant company is a society having a supreme governing or legislative body and subordinate lodges, and that the same is a fraternal benefit society without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, having a lodge system with ritualistic form of work and representative form of government, and provides for the payment of benefits to its members in good standing and their beneficiaries; that section 11 of article 4 of the constitution and by-laws of said defendant company provides that no subordinate branch or section, nor the members or officers, shall have any authority to waive any of the provisions of said constitution or by-laws, but that the same are binding upon each and every member of the society; that section 4 of article 4 provides that it is the duty of each member to pay his monthly dues, and, in the event the same are not paid by 12 o'clock at noon on the last day of the month in which said payment is due, said member shall ipso facto cease to be a member of the association, and his certificate of insurance shall then cease be and terminated, and such section further provides that a member so in default cannot be reinstated excepting by the defendant's board of directors or a duly constituted committee thereof, and then only while delinquent is in good general health; and such section further provides that no claim will be made for any disability had during such delinquency or for ten days after such reinstatement; and the defendant further avers that the plaintiff in this case was delinquent, and that he ceased to be a member, and his insurance benefits terminated for nonpayment of dues during the month of July, 1923; and, further, that the plaintiff became sick after such delinquency, and that the plaintiff had not been reinstated by the board of directors or a duly constituted committee thereof, and was not a member entitled to any insurance benefits of this association at the time of his alleged illness."

Erle Pettus, of Birmingham, for appellant.

The complaint is not sufficient. U. S. H. & A. Ins. Co. v. Savage, 185 Ala. 232, 64 So. 340; Knights, etc., v. Gillespie, 14 Ala. App. 493, 71 So. 67; U. S. H. & A. Ins. Co. v. Veitch, 161 Ala. 630, 50 So. 95; Pence v. Mutual, etc., Co., 180 Ala. 583, 61 So. 817. It was error to sustain demurrer to plea 4. U. O. G. C. v. Hooser, 160 Ala. 334, 49 So. 354. Replication 10 was insufficient to aver waiver, and was subject to demurrer. Code 1923, § 8477; Sovereign Camp v. Allen, 206 Ala. 41, 89 So. 58. Rejoinder F clearly set up a complete defense and was not subject to demurrer. U. O. G. C. v. Hooser, supra; Sovereign Camp v. Adams, 204 Ala. 672, 86 So. 737.

W. S. Pritchard and J. D. Higgins, both of Birmingham, for appellee.

In the absence of a bill of exceptions, the appellate court will presume there was evidence sustaining the rulings of the trial court. Amer. Trust Co. v. Hanna, 19 Ala. App. 301, 97 So. 154; Whitmire v. Spears, 212 Ala. 583, 103 So. 668; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638. The complaint, following the Code form, is sufficient. Code 1923, § 9531; Sovereign Camp v. Carrell, 20 Ala. App. 340, 101 So. 914. There is no error in sustaining demurrer to a special plea, where defendant has the benefit of all material facts set up therein. Sunny South Grain Co. v. National Feed Co., 20 Ala. App. 145, 101 So. 542. Receipt and retention of overdue premiums is a waiver of forfeiture. Security Mutual v. Riley, 157 Ala. 553, 47 So. 735; Pacific Mutual Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834. Conditions relating to reinstatement of a lapsed benefit certificate may be waived by the supreme officers. Yarbrough v. Sovereign Camp, 210 Ala. 188, 97 So. 654; Sovereign Camp v. Eastis, 210 Ala. 29, 96 So. 866.

SAYRE, J. Suit on a policy of health insurance. There was extended pleading. The appeal is by defendant on the record

proper; there being no bill of exceptions. The merits of the case, so far as disclosed by the pleading, may be reached and determined by consideration of the trial court's rulings on the demurrers to the complaint, plea 4, replication 10, and rejoinder F.

[1] The demurrer to the complaint, stated in a single count, was properly overruled. The complaint followed the form of complaint on a policy of life insurance as shown by form 12, section 9531, of the Code of 1923, a closely analogical case. It will be noted that the form referred to differs from the form prescribed by the Code of 1907 (section 5382), in that the form of later date omits the allegation "for the term of ———— years." However, the allegation of the complaint, after stating the date of the policy, is that defendant "insured for the term of one month, and from month to month thereafter, so long as the monthly premium was paid, the health of the plaintiff. * * * And plaintiff avers that he paid the monthly premiums covering the time when he became ill," so that defendant's grounds of objection to the complaint, viz. that the policy is not thereby shown to be in effect at the time of plaintiff's illness, and fails to allege its date and the term of its operation—these objections are answered by the specific allegations of the complaint. The demurrer was properly overruled.

[2] The proper matter of defendant's fourth plea was that plaintiff became delinquent, and was not entitled to benefits under his alleged policy, by reason that he failed to pay his dues for the month of July, 1923, and thereafter in, to wit, August, 1923, became ill. This matter was substantially covered by special plea 5, which went to the jury, and, indeed, by the general issue, which answered, among other things, the allegation of the complaint that plaintiff had paid the monthly premiums covering the time when he became ill. As for the rest of the plea, it witnessed an effort to answer in anticipation a matter of replication not yet pleaded. As the pleading then was, this added matter was irrelevant, and due to be left out of account in passing upon the sufficiency of the plea. There was no reversible error in sustaining the demurrer; it was error without injury.

[3] Nor was there error in overruling the demurrer to replication 10. The objection to this replication proceeds upon the theory that members of the defendant association or society are, or were, at the time in question, bound by the stipulation set forth in section 8477 of the Code, which provides:

"8477. *Waiver of Certain Provisions.*—The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the by-laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."

But it had not appeared in the pleading that defendant association had provided that the section should be the law of the association, nor in this pleading or elsewhere was it shown that plaintiff's policy contained a stipulation against a waiver by subordinate officers or members, and, further, as to that, the replication alleges in effect a waiver by defendant corporation. In these respects the case in hand differs from the case reported as Sovereign Camp v. Allen, 206 Ala. 41, 89 So. 58.

[4] The fact that defendant was a fraternal benefit society and the provisions of its constitution and by-laws to the effect that a member in default could not be reinstated except by defendant's board of directors or a duly constituted committee thereof—these facts were alleged in rejoinder F, but, in view of the allegation in replication 10, that plaintiff's dues for July and August were transmitted to defendant by its local agent, and that "the defendant," with knowledge of the fact that plaintiff was delinquent, and was sick when such dues were paid to defendant's local agent, did accept and retain the dues so paid by plaintiff, so much of replication 10 as undertook to show a waiver by defendant's local agent may for the moment be laid out of view. The allegation of replication 10, the effect of which is stated above, remained to be answered, and was answered by rejoinder F. True, the allegation of replication 10 as to waiver by "the defendant" was put in issue by the general rejoinder D, but, in the absence of the allegations of rejoinder F as to the constitution and by-laws of defendant association (demurrer to other rejoinders containing like allegations having been sustained also), defendant had no opportunity, it must be presumed, to give in evidence those provisions of the constitution and by-laws which would have answered the allegation of replication 10, intended, as we must assume, to set up a waiver by defendant's local agent. It results that the ruling against the sufficiency of rejoinder F was error prejudicial to defendant's case, for which the judgment must be reversed notwithstanding there is no bill of exceptions. Henderson v. Tennessee Co., 190 Ala. 126, 67 So. 414.

Reversed and remanded.


ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.


ANDERSON, C. J. (concurring). I prefer basing my concurrence in the reversal of this case upon the ground that the charges are set out in the record, as was done in the Henderson Case, supra, and the action of the trial court in giving some and refusing others is sufficient to show that the defendant was probably injured by the sustaining of the demurrer to its rejoinder.