## GRAND UNITED ORDER OF EAGLES, E. B. S. T., etc., v. WORKMAN. (3 Div. 853.)

Supreme Court of Alabama. June 21, 1928.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

John S. Tilley and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

THOMAS, J. The complaint was in two counts substantially in Code form, and upon parol contract of insurance. The demurrer, that the complaint was vague and fails to set out the parol contract, was overruled. No assignment of error challenges that ruling. The counts are not vague and insufficient to support a judgment. The cause of action is stated; the parties, though not stated in the complaint, yet their respective relations are shown by the accompanying and attached summons. Roney v. Dothan Produce Co., post, p. 84, 117 So. 422.

In order that we pass upon the ruling on the facts at a trial, before the Code of 1923, the same was required to be exhibited here by a bill of exceptions. Volume 3, Code, p. 275, § 6429 et seq.; Clark v. McCrary, 80 Ala. 110; Southern Express Co. v. Black, 54 Ala. 177; Kirby v. Vann, 51 Ala. 221; Kerley v. Vann, 52 Ala. 7. However, there are inserted in the Code of 1923 sections 6110 and 6095 (Williams v. State, 215 Ala. 586, 112 So. 193); held to authorize the parties by written agreement to substitute an abstract of the record for a complete transcript, thereby curtailing the cost of appeal, etc., and to make an agreed case.

Distinguished counsel have proceeded in this case, not by way of a bill of exceptions, but, under this statute, by way of an "agreed case certified" to this court for review after decision by the circuit court.

Counsel invoke the court to a decision of the question whether the Supreme Master of the defendant corporation may insure the life of a member by parol and without the issuance of a written policy. The question was adverted to in Royal Neighbors of Amer. v. Fortenberry, 214 Ala. 387, 389, 107 So. 846, where this court declared that in the absence

38

of statutory provision forbidding a parol contract to insure, an agent, duly authorized to bind the company by the issuance and delivery of its said written contracts for insurance, may bind the company by a parol contract relating thereto. Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; Manhattan, etc., Co. v. Parker, 204 Ala. 313, 85 So. 298; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 146, 82 So. 175. As to capacity or dealing with such contracts by mutual companies, see 1 Cooley's Briefs, pp. 391, 401, and the nature and requisites of oral contracts for insurance are considered in 6 Cooley's Briefs, p. 85 et seq.

In Home Ins. Co. v. Adler, 71 Ala. 516, Judge Stone declared that a valid contract of *fire insurance* may be made in parol, and an action may be maintained on an agreement to insure, if all the terms are agreed upon, and the breach consists in the failure to issue the policy. Police & Firemen's Ins. Co. v. Crabtree, 215 Ala. 36, 109 So. 156, held that demurrer to replication setting up waiver by an agent, was properly overruled in the absence of showing in the pleading that the insurer had provided that section 8477 of the Code should be the law of the association, or that the .policy contained valid stipulations against waiver by a subordinate officer or member; and the Crabtree Case thus differed from Sovereign Camp v. Allen, 206 Ala. 41, 89 So. 58.

The date of the payment and agreement to insure is stated as being on February 21, 1927; that it was effective by the making of the "initial payment of 75 cents and of the payment thereafter of 60 cents premium per month"; that plaintiff was the beneficiary and that assured and the beneficiary had complied with all of the provisions of said contract on their parts; that the contract was the property of the plaintiff; and that assured died on March 17, 1927, within the first monthly period. And the averments of the contract declared upon in the first count as amended, if binding in law, show the same to be in effect at the time of assured's death.

The agreed statement of facts is as follows:

"The defendant in this cause is a fraternal benefit society, incorporated· under the laws of Alabama, and E. H. Fields is the Supreme Master thereof. The society issues a beneficiary certificate, ·a copy of which is attached hereto as an exhibit.

"Section 6· of the revised constitution and by-laws of the defendant society provide:

" 'The Supreme Master shall preside over all meetings of the Supreme Lodge and shall be the executive officer of the society. He shall issue all charters for the installation of new lodges, all dispensations, appoint deputies and organizers and all appointive officers. He shall fix the compensation of all appointive officers, agents and servants and shall remove any such officer, agent or employee at his own discretion. He shall make reports of his actions to the Board of Trustees. *He shall sign all certificates* or his signature may be lithographed thereon and *the Supreme Secretary shall attest the same under the corporate seal.* He shall sign all written contracts in the manner thus prescribed.'

"In the early part of February, 1927, Fields organized a lodge of the society at Montgomery, which organization meeting L. D. Workman was invited to attend. He did not attend but his wife, Ella Workman, the plaintiff, was present at the lodge rooms. The next morning, Fields came to the plaintiff's house and invited the plaintiff's husband, L. D. Workman, to become a member of the defendant order. *He agreed and paid Fields the sum of 75 cents, which was the proper amount for the initial premium and dues to April 1/27, for an insurance certificate of $750.00, and designated the plaintiff as the beneficiary of such insurance.* The Supreme Master stated that the policy would be written up at once and that he was going back to rush the matter up with a written policy, and further said that the plaintiff and her husband ought to feel very happy, for that now, if her husband died, she would get $750, and, if she died,· her husband would get $750. *No written policy was, however, delivered,* although Fields came back to see Workman on several occasions. L. D. Workman died on March 17, 1927, of which the defendant had due notice, and the question presented upon this appeal is whether or not the defendant order is liable or can be made liable upon a parol contract of insurance so entered into." (Italics supplied.)

The evidence before us shows that the minds of the parties met upon the terms of the insurance contract and payment in full of the premiums due thereon to April 1, 1927, a period beyond assured's death, for the issuance of the beneficiary certificate like that "issued to Ella Workman" on same date of February 11, 1927. We find nothing in section 6 of the Revised Constitution, or in the laws of defendant order as shown by the agreement, or in the conditions on the back of the certificate exhibited and as issued to the wife as to be issued to the alleged assured, that would prevent the liability from attaching, or rather that relieved defendant from the effect of an estoppel raised by the conduct of its alter ego· or vice principal to deny liability for the contract to insure, if it was within its corporate powers and purposes and for which plaintiff and husband had fully paid the required dues or premiums and which sums were retained by defendant. The general rule as to estoppels is stated in Ivy v. Hood, 202 Ala. 121, 79 So. 587, and need not be repeated.

We come now to consider the general law of the state as to fraternal benefit societies, and particularly sections 8449, 8459, 8464, 8477, 8489, 8503, and 8508 of the Code, invoked by appellant's counsel and insisted as denying the right of contract for parol agreement to insure.

Article 8 of volume 4, Code of 1923, p. 125 et seq., relates to fraternal benefit societies. Section 8439 touches the making of "provision for the payment of benefits in accordance with section 8443 of the Code," where it is required that societies transacting busi-

ness under this article "shall provide for the payment of death" and other benefits for which contract is made, and the right to "accept a part of the periodical contributions in cash, and charge the remainder, not exceeding one-half of the periodical contribution against *the certificate* with interest," etc. Section 8444 provides for the extended or paid-up protection granted. In section 8445 the beneficiaries are defined as wife, husband, relative by blood to the fourth degree, fathers and mothers-in-law, sons and daughters-in-law, stepfather, stepmother, stepchildren, or those by adoption, or persons dependent on the member. The qualifications for membership are prescribed in section 8446, as to the admittance to beneficial membership of any person not more than 60 years of age, who has been examined by a "legally qualified physician and whose examination has been supervised and approved *in accordance with the laws of the society*"; and nothing declared therein "shall prevent such society from accepting general or social members." The right of issue of certificates upon the lives of children upon examination and approval, *in accordance with the by-laws of such society*, upon application by a parent or guardian; and for the exchange of certificate by the child arriving at the age permitted *under the by-laws of such society*, are provided in sections 8447, 8448, Code.

The agreed statement of facts, above quoted, fails to show whether or not there was in fact an examination of the alleged assured by a legally qualified physician that was supervised and approved in accordance with the laws of the society before becoming a beneficial member, or before the contract for parol insurance was made by defendant. However, this may not be material to the answer of the question propounded by counsel and the decision of the circuit court.

It is further provided by statute when certificate of insurance or benefit shall issue. Section 8449, Code. On this material inquiry of fact the record is silent. We cannot know on what the court acted as to this. And it is recited in the judgment "that issue being joined between the parties and after hearing the evidence," judgment was rendered that entitled plaintiff to recover, etc. The record is likewise silent as to whether or not the society had "simultaneously put in force at least 500 such certificates on each of which at least one assessment has been paid." If it was not in such position financially, as required by the statute, *to insure by certificate*, it could not be bound by an estoppel. The legal certificates issued, and contracts relating thereto, though the amount of outstanding certificates may be below that required by law, the trust fund—separate and distinct funds—may be used only in the payment of the benefits authorized by the state law for the organization of that society. Sections 8449, 8450, Code.

It is further specifically provided in section 8459, Code, that:

Such society shall not "incur any liability other than (1) *for such advanced payments*, nor issue any benefit certificate, nor pay or allow, or offer or promise to pay or allow to any person any death or disability benefit until actual bona fide applications for death benefit certificates have been secured upon at least five hundred lives for at least one thousand dollars each, and all such applicants for death benefits shall have been regularly examined by legally qualified practicing physicians, and certificates of such examinations have been duly filed and approved by the chief medical examiner of such society, nor until there shall be established ten subordinate lodges or branches into which said five hundred applicants have been initiated, nor until there has been submitted to the commissioner of insurance, under oath of the president and secretary, or corresponding officers of such society, a list of such applicants, giving their names, addresses, date examined, date approved, date initiated, name and number of the subordinate branch of which each applicant is a member," etc.

The record is silent as to the facts under this section.

The trust fund for "advance payments" made during the period of organization, as provided and required, is returned to said applicants, if there is failure of organization within one year. Section 8460, Code.

The power of the society to make its constitution and by-laws for the government of the society, for amendment or change thereof, and the other necessary and incidental powers to carrying into effect the objects and purposes of the society, are provided for in section 8464, Code. And—

"The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the by-laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members." Section 8477, Code.

This provision has been construed and held that a state manager had implied authority going with such position, to make certain waivers of requirements that dues be paid solely to the recorder of the local council. Modern Order of Praetorians v. Childs, 214 Ala. 403, 108 So. 23. See, also, Police & Firemen's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156, which dealt with assertions of waiver by a local authority of payment of dues by a given date.

A careful consideration of the material facts contained in this record, the several provisions of the statute, and the exemptions of certain societies, lodges, and associations therein indicated, from the provisions of law contained in article 8, vol. 4, Code, p. 125 et seq., convinces us that defendant order was subject to such laws and was compelled by law to comply with all requirements of that

article having application. And the purpose and implications of these statutes are against parol insurance. There runs through the several statutes to which we have adverted, the use of the word, or the requirement for a certificate of benefit or insurance which must of necessity be in writing. The frequent use of the words "benefit certificate" implies this. The Elkhart Mut. Aid, Benevolent & Relief Ass'n v. Houghton, 98 Ind. 149; London, etc., Co. v. McCree, 210 Ala. 559, 561, 98 So. 880. The words "policy of insurance" and certificates of benefit have a well-defined meaning. Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 150, 82 So. 175. At the expense of repetition may we note the frequent reference to a benefit certificate, as "the face value of his certificate," "certificate for a term of years," "benefit certificate," "certificate with interest," respectively employed in section 8443 of the Code; that for the "issuance of the original certificate," in section 8445; the "issuance of certificates for payment of sick, etc.," in section 8447; that of "certificates issued," "exchanged for any other form of certificate issued," in sections 8447, 8448; and "shall not issue any such certificate until it shall have, etc.," and "assessments collected upon such certificates," section 8449. The requirement is that:

"*Every certificate issued* by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation, or if a voluntary association, the articles of association, the constitution and by-laws of the society, and the application for membership, and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member," etc., * * * "and any changes, additions or amendments to said charter or articles of incorporation, or articles of the association, if a voluntary association, constitution or laws duly made or enacted subsequent to the *issuance of the benefit certificate*, shall bind the member and his beneficiary and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were enforced at the time of the application for membership." Code, § 8452.

When section 6 of the revised constitution of the Grand United Order of Eagles, E. B. S. T., etc., is considered under the agreed statement of facts and under the statutes, defendant was not subject to a liability of parol contract to insure, declared upon in count one of the complaint. Such a society or order is subject to liability as insurance under the certificate provided by law and made the subject of article 8, vol. 4, Code, p. 125 et seq., and the provisions of its revised constitution and laws. The cases cited by appellee's counsel., Reliance Life Ins. Co. v. Russell, supra, Manhattan v. Parker, supra, and Cherokee Life Ins. Co. v. Brannum, supra, were old-line contracts and involved well-recognized waivers. That of Royal Neighbors of America v. Fortenberry, supra, was fraternal benefit insurance, the certificate and policy not reaching assured or beneficiary until after death of the assured; and the observations as to a parol contract to insure is contrary to the view entertained after further examination of the statute, and is qualified, modified, or overruled.

It follows that the judgment of the circuit court is in error, and it is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ., concur.